IN THE
# United States District Court
# for Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, ) | Case No.: | |
| *Plaintiff,* ) | | |
| ) | Hon. _____ | |
| v. ) | Judge Presiding | |
| ) | | |
| AVVO, INC., ) | Hon. _____ | |
| *Defendant.* ) | Magistrate Judge Presiding | |

## COMPLAINT

I, *plaintiff* Andrew U. D. Straw make this COMPLAINT to obtain justice for defendant's breaching its contract with me to have my dispute arbitrated, to which I agreed when I used AVVO.com services, but when I made application to JAMS for the arbitration that Avvo demanded, Avvo failed to pay the arbitration fee and thus excluded me from an arbitration that both sides had a contractual right to use as the dispute mechanism. Avvo is the largest database of American lawyers and thus what it does affects the entire legal profession in every state. I pursued tort claims in federal court but was denied on the merits after the federal judge's law clerk was hired into the litigation unit of counsel for Avvo, DWT law firm. Since the Avvo TOS was generated in Seattle, Washington's 6-year contract statute of limitations applies. The arbitration could have resulted in damages regardless of the outcome of the federal lawsuit and even for different legal interpretation reasons. I make this COMPLAINT for contract breach in the exact amount that I asked in damages before JAMS in San Francisco, $250,000:

## CITATIONS & BACKGROUND

1. *Straw v. Avvo, Inc.*, 2019-2020 – Arbitration via JAMS. Reference # 1100107062.

2. Avvo failed to pay its fee, causing the arbitration to not take place.

3. *Straw v. Avvo, Inc.*, 20-cv-294-JLR, 2020 WL 1182932 (W.D. Wa.)

1

4. *Straw v. Avvo, Inc.*, 20-35971, 21-35848 (9th Cir. 2022)

5. NB: My 20-35971 appeal at the 9th Circuit concluded on **December 16, 2021**, and this is less than 4 years ago. It was at the conclusion of that appeal that I knew **no damages were going to be awarded** and thus it became clear what the damages were in fact in this contract matter, **not decided** in the 9th Circuit.

6. I believed in good faith that the federal court in Western District of Washington would be fair and unbiased, but the trial judge favored the side that had ==hired his law clerk during the pending lawsuit==. Opposing counsel, DWT, had hired the federal trial judge's law clerk with the tort case pending; **the judge was entangled, unethically**. The Chief Judge of that district court would do nothing, and that precludes getting justice in that district court as a matter of bias. By necessity, I must go elsewhere now.

7. So, by not recusing when I made the affidavit for him to do so, the trial judge exhibited reasons not to trust the neutrality of his decision, violating my Due Process right to a fair and neutral tribunal.

8. Further, DWT and its counsel on appeal at the 9th Circuit neglected to mention in its disclosures in its brief that **Avvo was owned by a large, multibillion dollar investment firm, KKR**.

9. That was an omission worthy of note and not disputable; the ownership of Avvo by KKR was true. To not list this owner was unethical and possibly a crime.

10. It was relevant because this is the largest lawyer directory in the United States and it was injuring me through false statements that I was not in active in

good standing status in Virginia on my law license for 3 years when **<u>I in fact was active in good standing during that whole time</u>**.

11. It is of extreme interest to the entire legal profession in the United States when the largest lawyer directory is allowed to both lie about the bar admission status of lawyers and hide its own owners.

12. As an equitable matter, I didn't lie about Avvo. It lied about me and it could not deny this fact. The question was what damages on what legal theory were available.

13. It is notable that arbitration and that kind of ADR is not limited to what is done in state or federal courts. ADR is much more flexible and when equities start flowing to one side, some kind of relief rather than ZERO is possible, even if not the full amount.

## DISABILITY FACTS & FEDERAL CASES, 2024-2025

14. I am mentally disabled due to Camp LeJeune poisoning as a child. It is indisputable and adjudicated that I was born at that U.S. Marine Corps base during the toxic water time period, 1969. *See*:

15. *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021)

16. *See also*: *Straw v. United States*, 7:23-cv-162-BO-BM (E.D.N.C.) (IFP GRANTED, Dkt. 82, **Short Form Complaint** filed at Dkt. 55)

17. I have had two ADA Title II cases in Maine granted *IFP* status in the last month, with the first case now resolved. *Straw v. University of Maine*, 1:25-cv-

325-JAW-KFW (D.Me. 2025) (RESOLVED); *Straw v. State of Maine, Vocational Rehabilitation*, 1:25-cv-350-JAW-KFW (D.Me.)

18. I have a case pending *IFP* review in a U.S. District Court that I filed in 2024. *Straw v. Facebook*, [3:24-cv-08625](3:24-cv-08625)-PHK (N.D. Cal.). The decision on IFP frivolous review has been pending since **February 19, 2025**, over 5 months.

19. I have two other cases pending in this Court as of the past week. One is a major case against U.S. DOJ for Rehab Act Section 504 deliberate indifference violations concerning the Camp LeJeune Justice Act litigation and **programs** like the Elective Option settlement offer. The other is to protect my property rights as an American in the Philippines. *Straw v. U.S.*, [2:25-cv-00379](2:25-cv-00379)-JAW-KFW (D.Me.); *Straw v. U.S. & Philippines*, [2:25-cv-00378](2:25-cv-00378)-JAW-KFW (D.Me.)

### SIGNIFICANCE OF AVVO FALSE STATEMENTS

20. My former employer was the Indiana Supreme Court and I served the Chief Justice and every court and judge in the State of Indiana as the judicial branch statistical analyst. I have been a reformer. See, for instance: [http://service.andrewstraw.com](http://service.andrewstraw.com) and [www.andrewstraw.com](www.andrewstraw.com)

21. I was disabled driving to that state supreme court to work and I have experienced court disability discrimination continuously since that car crash in 2001. When I complained about ADA violations, the state supreme court began a disciplinary process that imposed well over ==8 years of suspension== on me with a 180 day actual suspension, in violation of that court's own rules, which do not allow such as suspension, especially with ==NO crime and NO==

<mark>dishonest act alleged at all</mark>. I did not commit any crime in making my ADA complaints or in attempting to get ADA justice in federal courts. I was accused of no crime. I was accused of no dishonest act. I had **no disciplinary history at all** at that point in Indiana.

22. Further, I had no *bona fide* hearing before I lost my Indiana law license and **no hearings at all** before losing my 4 U.S. District Court licenses. *Straw v. U.S. District Court, et. al.*, 17-2523 (7th Cir. 2017).

23. My mitigating facts, including the lack of crime or any dishonesty, were 100% ignored. *Straw v. University of Maine*, 1:25-cv-00325-JAW-KFW (D.Me. 2025) (**Dkt.** 6-2)

24. My former employer took the bare words of "frivolous" from a couple of federal judges who said those words with no sanction attached and without the required FRCP Rule 11 due process. The Indiana Supreme Court applied Rule 3.1 to generate **a long suspension** that dwarfed what the Disciplinary Commission (60 days suspension or **no sanction with "disability status"**) and my Indiana hearing officer (brief suspension) said was appropriate. *See, Straw v. University of Maine*, 1:25-cv-325-JAW-KFW (D.Me. 2025) (Dkts. 6-1 & 6-2):

25. https://www.courtlistener.com/docket/70580597/6/1/straw-v-university-of-maine/

26. https://www.courtlistener.com/docket/70580597/6/2/straw-v-university-of-maine/

27. In reality, this Rule 3.1 attack was an end run around the reciprocal discipline rule's limits. It violated federalism and served as collateral attacks so Indiana could get the result it wanted from the federal courts that imposed no sanction. A court cannot impose reciprocal discipline where there was ==NO DISCIPLINE== originally, but my former employer wanted me to have a long suspension ==for criticizing THEM==. SO, they dug around and found Rule 3.1, which ==has never been used this way anywhere except to harm me==.

28. My over 8 years of suspension were NO suspension in 4 federal courts, blown up to over 8 years of reciprocal suspension and expanded to 4 other courts, who imposed the full suspension when ==they did not impose any suspension in the original cases==. NO WONDER they did not want any hearing to take place.

29. The Virginia State Bar held a 5-judge panel hearing following due process and denounced the Indiana discipline as. ==*"having all the grace and charm of a drive-by shooting."*== *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) (Dkt. 22-21).

30. The Virginia State Bar said that *I proved* by "clear and convincing evidence" that I had not violated any ethical rule by using federal courts for ADA relief without success and would not have received any sanction for the exact same actions if they were done in Virginia.

31. With **none** of my **4 federal judges**, **none** of my **50+ defendants**, and **none** of the **50+ opposing counsel** asking Indiana Supreme Court to sanction me, this was an **entirely internal hit job orchestrated by Chief Justice of Indiana Loretta H.**

6

Rush. She had supervisory authority over every person in the chain of attack. Every officer was appointed by her or supervised by ==Loretta H. Rush==.

32. Avvo's lying about my Virginia law license fit into a national pattern of attempting to impose injury on me from the gossip and bootstrapping mechanisms in which Indiana Supreme Court engaged with ==no one helping me as a disabled former employee== who used to work for the Chief Justice of Indiana and the State Court Administrator.

33. Rush holds the justice office previously held by Justice Frank Sullivan and Justice Sullivan had kind words for me when I was hit by the reckless driver who broke both my legs, pelvis, and nose. I put his condolences letter as the first page of my CV: www.andrewstraw.com  (**Exhibit 4**). It is the utmost in irony and truly sad that his successor in that justice position treats me like Loretta H. Rush does. Rush lacks the humanity that Justice Sullivan had and has remained a poor replacement for him. She is so bad, she led her four Indiana Supreme Court colleagues to deny an 8th Amendment excessive fines argument and was overturned 9-0 at the U.S. Supreme Court. *Timbs v. Indiana*, 586 U.S. 146 (2019). https://harvardlawreview.org/print/vol-133/timbs-v-indiana/

34. Those 5 Indiana justices have been wrong repeatedly regarding me and acted unethically themselves as a court. The U.S. Supreme Court should have granted certiorari several different times I brought aspects of this injustice to the justices, but they always acted with **deliberate indifference**, **nonfeasance**,

while leaving my true factual allegations, *unopposed*, in its court docket, **17-8005**:

35. https://www.supremecourt.gov/DocketPDF/17/17-8005/37965/20180307105844473_00000007.pdf

36. *Unopposed* by the Indiana Supreme Court, which had its chance to disagree:

37. https://www.supremecourt.gov/DocketPDF/17/17-8005/42075/20180403125725368_SCOUT%20Waiver%2017-8005.pdf

## MY POSITION

38. Avvo and I had a contract, the TOS provided by Avvo on its website.

39. I agreed to that contract and all its terms, one of which was to resolve disputes in arbitration using JAMS in San Francisco. I filed the JAMS application on 9/11/2019, less than 6 years ago. **Exhibit 1**.

40. I made a statement to JAMS on 9/28/2019 explaining the damage Avvo was causing me, Avvo lying about my Virginia law license and posting my Indiana suspension as if it was valid when it wasn't. **Exhibit 2**. Avvo knew that VSB exonerated me, but instead of using that FACT to help me, tried to say my Virginia law license was not in active in good standing when VSB PROTECTED my law license in 2017 and left it active in good standing with Avvo lying about it and saying my Virginia license was not in that active status during that time. 2016-2019.

41. I acted on the TOS term that required me to use JAMS arbitration rather than any other dispute mechanism, including federal court. I took active steps to use that JAMS arbitration mechanism and thus was in reliance on it.

42. JAMS decided that my poverty was severe enough that my fees could be waived.

43. Once Avvo saw that I could actually use the arbitration that it required of me and all others with its TOS contract, **Avvo reneged**. Avvo failed to pay the arbitration fee. JAMS would not provide its service without Avvo paying its side, so my arbitration demand was closed against my will.

44. I was forced to use a biased federal court that would allow its law clerk to be hired into the LITIGATION DEPARTMENT of opposing counsel. That judge did not issue any ORDER to his clerk not to be involved. I simply had to discover it on my own through diligence. Both the law clerk and the judge should have revealed to me this new connection rather than making me discover it on my own. That secrecy just cemented that bias was at work.

45. I wanted the arbitration but was denied by Avvo itself and its failure to pay.

46. Avvo must not be allowed to force contract terms on its users and then not abide by them when a dispute arises. Then, when I had little choice but to sue in federal court, Avvo's counsel ==hired the law clerk of the federal judge== and on appeal, ==omitted to list the real owner of Avvo, Inc., which is KKR==.

47. The ongoing dishonest actions show not just contract breach but a fraudulent scheme to wiggle out of the contract term and force me into using a forum that

was ==biased in favor of Avvo==. That scheme and those actions of hiring the judge's law clerk and hiding the ownership of Avvo should be considered here as part of the contract breach and considered in the venue choice. Avvo became virulent once it escaped it own contractual terms, acting unethically.

48. Avvo does business in Maine. The same service that harmed me exists in Maine and the TOS covers people in Maine:

49. https://www.avvo.com/all-lawyers/me.html

## COUNT I: CONTRACT BREACH

50. To the extent that ==not paying its own arbitration fee== allowed Avvo to escape its own bargained for contract term, arbitration by JAMS in San Francisco, it breached its contract with me.

51. While Avvo is physically located in Washington State, the breach happened at JAMS in San Francisco, in another state, California, since that is where JAMS was providing that service and where I was forced to do business with JAMS as part of the Avvo TOS. Avvo directs its service into every state, including Maine, and people in Maine could see the lies that were said about my Virginia law license. Thus, someone from Maine wanting me to do work at a federal agency would not choose me because Avvo made it look like I didn't have an active state law license ANYWHERE. All it takes to do work at Social Security or Homeland Security or HHS is having a state law license *somewhere*. People in Maine would have been deceived by Avvo on the face of its profile for me.

52. The Maine statute of limitations for a contract breach is **20 years** but the TOS of Avvo was generated in Seattle. This dispute on Avvo's TOS crosses state lines, all state lines, including in Maine.

53. The TOS was created in a state, Washington, where the statute of limitations on a contract is **6 years**. In Washington State, the statute of limitations for a written contract is six years from the time of breach. That means a lawsuit about a written contract "shall be commenced within six years" after the cause of action has accrued. RCW 4.16.040(1), RCW 4.16.005.

54. Today is ==July 25, 2025==, and this is less than 6 years from when I submitted my JAMS application to its San Francisco office, which I did on ==September 11, 2019==.

55. The injury to me on that contract happened not only in San Francisco but everywhere Avvo directs its service, including Maine, and that is why I bring this action where contractual injury happened on a contract that must be deemed to span the entire United States, since Avvo.com is directed into every state. Injury to me was when Avvo would not arbitrate when it put that provision into its contract and thus injury happens everywhere. And it represents a practice, reneging on its contract, that implicates how Avvo treats the millions of lawyers in its database, including Maine lawyers. Baiting with a TOS and then switching and not paying the arbitration fee.

56. This Court should apply the Washington State statute of limitations to the contract of Avvo that was generated in Seattle (**6 years**) or the Maine statute of limitations (**20 years**).

## PRAYER FOR RELIEF

57. I pray this Court will consider the facts and law presented above, find that Avvo has violated the terms of its Washington State contract and caused me contractual injury in California and Maine and the Philippines, which is where I live. Thus, this interstate and international dispute is for the amount that I claimed on my JAMS application: $250,000. For contract breach and **failure to arbitrate** when it forced me to do so, Avvo should be held in breach of contract and this Court should enter judgment against Avvo for that amount exactly in my favor. This being a contractual matter and I do not claim damages for tort, only that compensation should be applied.

## VENUE & JURISDICTION

58. This Court has jurisdiction under 28 U.S.C. § 1332 as this is a federal diversity case enforcing the contract made in Washington State with injuries happening in San Francisco and every state including Maine, and thus under the jurisdiction of this Court. The amount is above the $75,000 jurisdictional limit.

59. The District of Maine thus is an appropriate venue under 28 U.S.C. § 1391(b)(2) because Avvo is the defendant and the actions giving rise to this lawsuit happened **online** and in **San Francisco**, including impacts on **Maine** and every other state, while Avvo's headquarters are in Seattle, Washington.

    Avvo reaches into every jurisdiction in America, including the District of Maine. Thus, any time Avvo reneges on its contract and fails to pay its own mandatory arbitration fee, Avvo must be suable in any Court on its own Washington State contract with that state's statute of limitations or the one in Maine, both of which show this COMPLAINT is timely on a written contract.

60. Given the misbehavior of Avvo's counsel, DWT law firm, hiring the district judge's law clerk into its litigation group, I need another U.S. District Court to allow me to litigate this, outside of the 9th Circuit which allowed Avvo's counsel to hire the clerk and allowed Avvo's counsel to omit the true owner of Avvo, a violation of FRAP 26.1. Thus, venue is **by necessity** outside of that Circuit in a place like Maine that also suffers from Avvo acting this way.

I, *plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: July 25, 2025.

        Respectfully,

        */s/ Andrew U. D. Straw*
        s/ ANDREW U. D. STRAW
        MAILING ADDRESS:
        9169 W State St #690
        Garden City, ID. 83714
        Telephone: (847) 807-5237
        andrew@andrewstraw.com

**CERTIFICATE OF SERVICE**

I, Andrew U. D. Straw, certify that I filed the above **COMPLAINT** with **4 EXHIBITS** and **COVERSHEET** and *IFP* **APPLICATION** with the Clerk of the U.S. District Court for the Northern District of California by U.S. Mail, First Class and postage prepaid on July 25, 2025, at the address at the top of this document. The Court is requested to enter these documents, assign a case number, and determine *IFP* so service can be done under 28 U.S.C. 1915(d) and FRCP Rule 4(c)(3). Once a case number is assigned, I will ask Avvo to waive service and if the defendant does so, the Court will not need to.

Respectfully submitted,

*[signature]*

s/ ANDREW U. D. STRAW
MAILING ADDRESS:
9169 W State St #690
Garden City, ID. 83714
Telephone: (847) 807-5237
andrew@andrewstraw.com


**EXHIBIT LIST**

- **EXHIBIT 1** – Arbitration Request Form Submitted by Straw, 9/11/2019
- **EXHIBIT 2** – Straw Statement to JAMS
- **EXHIBIT 3** – Certificate of Service, 9/11/2019
- **EXHIBIT 4** – Indiana Justice Frank Sullivan Letter, 2001