IN THE

# United States District Court
# for Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, )  *Plaintiff*, ) | Case No.: | 2:25-cv-00391-JAW |
| ) | Hon. <u>John A. Woodcock Jr.</u> | |
| v. ) | Judge Presiding | |
| ) | | |
| AVVO, INC., )  *Defendant*. ) | Hon. _____ Magistrate Judge Presiding | |

## MOTION FOR RECOGNITION OF VSB EXONERATION ORDER

## BEING THE LAW IN THIS U.S. DISTRICT COURT

I, plaintiff ANDREW U. D. STRAW, make the following MOTION:

### FACTS

1. The Indiana Supreme Court suspended me for 180 days without automatic reinstatement in 2017, applying Rule 3.1. *In re Andrew U. D. Straw*, 68 N.E.3d 1070 (Ind. 2/14/2017). The documents used to attack me as well as opposing documents are accumulated in a federal court docket: *Straw v. LinkedIn*, [5:22-cv-7718](#)-EJD (N.D. Cal. 2023) (**Dkts. 22-1** to **22-58**).

2. The Virginia State Bar after consideration of the **same facts** and the **Virginia Rule 3.1** completely rejected this Indiana suspension, ridiculing it as "a drive-by shooting" [using an ADA coordinator to retaliate](#) against [an ADA petition](#). The ORDER is in my LinkedIn case: *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) ([Dkt. 22-21](#)). The Indiana ORDER was [Dkt. 22-20](#) in *Straw v. LinkedIn*.

1

3. These two ORDERS are fundamentally incompatible because they apply the **same ethical rule**, ABA Model Rule 3.1, to **the same set of facts** and come to opposite conclusions. In Indiana, the court was my former employer retaliating against my ADA petition made just a couple of weeks before the disciplinary complaint, which was filed by the Indiana Supreme Court ADA coordinator. In Virginia, I had participated on the VSB Task Force on Technology in 1999 and 2000, but did not work for the state supreme court. I served as a law clerk for Judge Joseph E. Spruill, Jr., former president of the Virginia State Bar in 1976.

4. Virginia State Bar's ORDER was **last in time final**, being issued on **June 20, 2017**, 6 days before the U.S. Supreme Court would not grant certiorari and let Indiana do this to me <u>without any review</u>. <u>16-1346</u>. SCOTUS had a chance but chose nonfeasance. It did not get better. Indiana and its courts became entangled with the 7th Circuit when the 7th Circuit hired by hearing officer while he was my appellee. <u>17-8005</u>. My facts as presented in that petition for certiorari were *blistering* against these Midwest courts and they had a chance to rebut me but did not even try. <u>WAIVER</u>.

5. Being last in time final has legal import. A last in time final decision on the same facts and law has precedence over an earlier decision on that same facts and law. Thus, while Indiana suspended me, I must be deemed as not having deserved it after VSB made a crystal-clear rejection just a few months later <mark>after giving me due process</mark>. This last in time precedence is explained in *Robi v. Five Platters*.

6. The 9th Circuit in *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988) explained the **last in time rule** as a principle used to resolve conflicting judgments on the same claim or issue. The rule provides that when multiple judgments conflict, <mark>the judgment rendered most recently in time</mark> (the "last in time" judgment) <mark>should be given preclusive effect over earlier inconsistent judgments</mark>. The rationale is to provide finality and to "end the chain of relitigation * * * by stopping it where it stands" after the most recent judgment is entered.

7. In *Robi*, the 9th Circuit cited *Americana Fabrics, Inc. v. L L Textiles, Inc.*, 754 F.2d 1524 (9th Cir. 1985), which illustrated the rule by resolving conflicting arbitration rulings from a California state court and a New York federal court, holding that the **last judgment on arbitration was binding** even if it contradicted the earlier ruling.

8. The First Circuit has applied similar reasoning using other nomenclature (issue and claim preclusion and collateral estoppel) in *Pollack v. Regional School Unit 75*, 17-1700 (1st Cir. 3/26/2018):

9. https://media.ca1.uscourts.gov/pdf.opinions/17-1700P-01A.pdf

10. Federal law applied over 400 times has been that **a state supreme court may not interfere with what happens in federal courts**. *Crosley Corporation v. Hazeltine Corporation*, 122 F.2d 925, 929 (3d Cir. 1941). The principle in that case was that state courts cannot enjoin, impede, or punish parties for their lawful use of federal courts. Given I was not sanctioned, only criticized, I used

3

the courts lawfully, not unlawfully. One can lose without it being an ethical violation. Even if the judge *really* did not like the legal theory. That dislike is not enough to say the case was unethical if <mark>no sanction and no Rule 11 due process</mark> was applied.

11. The First Circuit has cited favorably to *Allen v. McCurry*, 449 U.S. 90 (1980)

12. While a U.S. Supreme Court case, *Allen* has been cited and applied in the First Circuit and other circuits as foundational for the idea that **federal courts respect the jurisdictional primacy and finality of each judicial system without interference**. It stands for the concept that federal courts should not interfere with ongoing or final state court proceedings unless exceptional circumstances warrant. It goes both ways, this comity.

13. I am saying that two principles warrant an ORDER **declaring** that the VSB ORDER has precedence and will be enforced in the U.S. District Court for Maine, not the earlier Indiana Supreme Court judgment.

14. This is important because Avvo still lists that Indiana suspension as in force and valid and didn't remove it for nearly 8 ½ years. This may be relevant in assessing why Avvo acted as it did to avoid arbitration, to break its contractual covenants with me, the fact that <mark>Avvo chose a side, against me</mark>, and insisted on forcing that on me. Lying about my Virginia law license was simply more of that. I was unable to get insurance to practice in Virginia and the insurance company cited the Indiana suspension despite my total lack of any sanctions in Virginia on any law license.

15. I can't practice without insurance. I won't. So, I have not been able to practice and I resigned under the duress of poverty without the ability to actually use my license in any meaningful way. *Straw v. Aon Plc*, 2:19-cv-00598 (D.Utah 11/13/2019). *See also*: http://vb.andrewstraw.com

16. Evidence of this Avvo's **taking a side and sticking with it** appears on the current Avvo profile of me, which includes a **2.8 out of 10** "strong caution" against using me with my only review being **5 stars**. It shows I am suspended in Indiana even though I believe the VSB exoneration applies everywhere. If Avvo has to decide what to advertise to the whole world, it should at least say the Indiana suspension was rejected by VSB on the same facts and law and is thus **disputed**.

17. https://www.avvo.com/attorneys/83714-id-andrew-straw-1901411.html

18. For purposes of **this Court** and **this action** and **any other action before this Court**, VSB's exoneration should be declared last in time final and correct on the law and facts considered for that reason alone.

19. I have had no other sanction on any other grounds, only 4 U.S. District Courts in the 7th Circuit reciprocally suspending me to enforce the Indiana Supreme Court bootstrapped sanction as of 2/14/2017 with **no hearing to oppose this** and without considering later that VSB rejected that suspension in Indiana on the exact same facts and law, and **ridiculed Indiana to boot**.

20. I should be declared here as **never having been sanctioned as a matter of law** because with two states saying opposite things, the latter one that reviewed

      the same facts and law ==*and* the prior order itself== and completely rejected it to a level of "clear and convincing evidence" as VSB's panel did – that is the **binding precedent**.

21. First Circuit cases align with the principle that state courts don't interfere with federal courts as a matter or comity. *United States v. Joseph*, [20-1787](#) (1st Cir. 2022).

22. But that is exactly what Indiana Supreme Court did. My former employer reviewed what happened in 4 federal cases in which I had ==**no Rule 11 due process or any actual sanction at all, even $0.01 in fines**==, and concluded that I needed ==*180 days of suspension*== on my Indiana law license, which had **never been sanctioned at all** since I earned it working for former Chief Justice Shepard in 2002, imposing costs of $419.40 and a paywall of $500.

WHEREFORE, the Court should declare and I MOVE that the VSB exoneration is the state of my legal career in Maine. <u>Never sanctioned as a matter of law</u> because VSB's ORDER is last in time final on those precise facts and that Rule 3.1 law.

I, *plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: July 26, 2025.

        Respectfully,

        s/ ANDREW U. D. STRAW
        MAILING ADDRESS:
        9169 W State St #690
        Garden City, ID. 83714
        Telephone: (847) 807-5237
        andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **MOTION FOR DECLARATORY JUDGMENT** with the Clerk of the U.S. District Court for the Northern District of California by email on July 26, 2025.

Respectfully submitted,

s/ ANDREW U. D. STRAW
MAILING ADDRESS:
9169 W State St #690
Garden City, ID. 83714
Telephone: (847) 807-5237
andrew@andrewstraw.com