IN THE

# United States District Court
# for Maine

| | | | |
|---|---|---|---|
| ANDREW U. D. STRAW, | ) | Case No.: | 2:25-cv-00391-JAW |
| *Plaintiff,* | ) | | |
| | ) | Hon. <u>John A. Woodcock Jr.</u> | |
| v. | ) | Judge Presiding | |
| | ) | | |
| AVVO, INC., | ) | Hon. _____ | |
| *Defendant.* | ) | Magistrate Judge Presiding | |

## ORDER RECOGNIZING VSB EXONERATION ORDER

## BEING THE LAW IN THIS U.S. DISTRICT COURT

The Court, having been advised in the premises, hereby declares under the Court's 28 U.S.C. § 2201 and FRCP Rule 57 declaratory judgment powers the following:

1. Andrew U. D. Straw was sanctioned in Indiana on his Indiana law license, but the Virginia State Bar later in the same year declared that the Indiana sanction was illegitimate, "a drive-by shooting" using a court ADA coordinator. VSB wholly rejected the Indiana sanction, saying Straw met the "clear and convincing" evidence standard to show he should not be sanctioned.

2. Straw has never been sanctioned on a law license after due process except for this Indiana Supreme Court sanction that then was imposed reciprocally without any federal hearings in the 4 federal courts that did so.

3. It is in the interest of justice for this Court to decide whether Indiana or Virginia will be followed here.

1

4. NB: Straw has been Active in Good Standing in his U.S. Court of Appeals for the Fourth Circuit law license from 1999 to 2025 with no sanction whatsoever, showing the Fourth Circuit has rejected the Indiana suspension so completely that it did not waste any time or judicial resources on relitigating it after Virginia rejected the Indiana suspension. https://www.ca4.uscourts.gov/AttorneyBarAndECFStatus/rptN0046ActiveAttorneyss.pdf

*Held*: In the U.S. District Court for Maine, the Virginia State Bar ORDER is last in time final and may not be challenged as the dominant and exclusive valid precedent. Indiana's sanction does not bind Maine courts (state or federal) and must be rejected because another sister state, Virginia, did so. Mr. Straw has not, ***as a matter of law***, been sanctioned on any law license because that is what the VSB ORDER represents. That is what it means. Indiana may keep imposing its sanction on its disabled former employee for using the ADA in federal courts, and other courts in the Midwest may follow that without giving him a hearing, but other places outside the 7th Circuit are not bound to follow that suspension and punishment, which Virginia found to be wholly without merit. Virginia did not. Maine follows the Virginia precedent.

It is so declared and ORDERED.

_____     _____

Date                                Hon.