Filed: 7/29/2025 6:10 AM
Clerk
Monroe County, Indiana
Monroe Circuit Court 6

IN THE

# MONROE COUNTY, INDIANA, CIRCUIT COURT

---

|  |  |  |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| *Plaintiff,* | ) | |
|  | ) | Case No: |
| v. | ) | |
|  | ) | |
|  | ) | |
| STATE OF INDIANA, | ) | Hon. ___**53C06-2507-PL-002095**___ |
| *Defendant.* | ) | Judge Presiding |

## COMPLAINT

I, Andrew U. D. Straw, plaintiff in this action, allege that the Indiana Supreme Court took my law license property via suspension for approximately 8.5 years, driving me into poverty, and erected a $500 paywall that prevents me from making ADA Title II or Rehabilitation Act of 1973 arguments to stop the suspension and comply with that federal law. With 8 years of suspension and not responding to my pleadings, on their face about disability, this represents "deliberate indifference" that must be compensated by the State of Indiana:

### FACTS: MENTAL & PHYSICAL DISABILITIES (ADA TITLE II PRONG 1)

1. I am disabled both physically and mentally. This has been adjudicated repeatedly in federal and state courts. I receive SSDI because my disabilities are to the level that SSA deems me to be unable to engage in SGA. <u>Straw v. State of Maine Vocational Rehabilitation</u>, 1:25-cv-00350-JAW-KFW (D.Me.) (Dkt. <u>1-3</u>)

2. I have been found disabled enough to merit disability protection under the ADA. One recent example was in <u>Straw v. State of North Carolina</u>, 7:2018-cv-

1

00074 (E.D.N.C. 2020) (**Dkt.** [92](#), **page 10**): "Straw alleged sufficient facts to satisfy the first prong [of ADA Title II]."

3. I provide evidence of both mental and physical disabilities in my federal lawsuit in California and I incorporate here by reference **Dkts. 22-1** through **22-58** of that lawsuit. <u>Straw v. LinkedIn</u>, 5:22-cv-7718-EJD (N.D.Cal. 2023):

4. [https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/](https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/)

5. My mental disabilities are primarily from Camp LeJeune poisoning both in utero and as an infant. <u>Straw v. U.S.</u>, 7:23-cv-00162-BO-BM (E.D.N.C.) (Dkt. 55 "Short Form Complaint" & Dkt. 82 "5/6/2024 *IFP* GRANT ORDER")

6. [https://www.courtlistener.com/docket/66839685/straw-v-united-states/](https://www.courtlistener.com/docket/66839685/straw-v-united-states/)

7. [https://www.courtlistener.com/docket/66839685/55/straw-v-united-states/](https://www.courtlistener.com/docket/66839685/55/straw-v-united-states/)

8. [https://www.courtlistener.com/docket/66839685/82/straw-v-united-states/](https://www.courtlistener.com/docket/66839685/82/straw-v-united-states/)

9. The Illinois Court of Appeals has adjudicated me as, "a public figure who works on disability rights issues." *See,* at **\*2**:

   [https://www.illinoiscourts.gov/R23_Orders/AppellateCourt/2015/1stDistrict/1143094_R23.pdf](https://www.illinoiscourts.gov/R23_Orders/AppellateCourt/2015/1stDistrict/1143094_R23.pdf)

10. The American Bar Association's Commission on Disability Rights featured me as its "Spotlight" attorney with disabilities for the month of January, 2014. <u>Straw v. LinkedIn</u>, 22-39:

11. [https://www.courtlistener.com/docket/66619947/22/39/straw-v-linkedin-corp/](https://www.courtlistener.com/docket/66619947/22/39/straw-v-linkedin-corp/)

12. I have been an advocate for children poisoned at Camp LeJeune and I created a Facebook group for those purposes in 2015: **Children of Camp LeJeune**. *See*:

13. https://web.facebook.com/groups/ChildrenofCampLeJeune

14. I have advocated for disability rights at the state, national, and international levels as a political and legal matter. I created a political party for this purpose and it has followers in the thousands across the United States and in many foreign nations as well: **Disability Party.** *See*:

15. https://web.facebook.com/DisabilityParty

16. I was engaged in this kind of advocacy before, during, and after the Indiana Supreme Court decided to sanction me on my federal disability rights lawsuits.

17. I worked for the Indiana Supreme Court and became disabled by a reckless driver who broke both my legs and my pelvis as I transported another Supreme Court colleague to work on 2/22/2001.



18.

19. The Court fired me the next year on 7/11/2002. <u>Straw v. LinkedIn</u>, **Dkt. 22-46**:

20. https://www.courtlistener.com/docket/66619947/22/46/straw-v-linkedin-corp/

21. It fired me after granting me an Indiana law license a month earlier, a license I earned while working for the Chief Justice of Indiana, the State Court Administrator, and while I provided statistical and court technology services to every court in the State of Indiana. <u>Straw v. LinkedIn</u>, **Dkt. 44**:

22. https://www.courtlistener.com/docket/66619947/22/44/straw-v-linkedin-corp/

23. I complained with a petition to the Indiana Supreme Court that I had experienced disability discrimination from the time of my employment and over many years. <u>Straw v. LinkedIn</u>, **Dkt. 22-5**:

24. https://www.courtlistener.com/docket/66619947/22/5/straw-v-linkedin-corp/

25. The ADA coordinator would not help. <u>Straw v. LinkedIn</u>, **Dkts. 22-7 & 22-8**:

26. https://www.courtlistener.com/docket/66619947/22/7/straw-v-linkedin-corp/

27. When the Indiana Supreme Court ADA Coordinator attacked me, she said my <mark>**<u>mental disabilities made me incompetent</u>**</mark>, and directly mentioned my ADA Title II petition, denying it. Thus, the disciplinary attack was done to discount my **<u>disability advocacy</u>**, <mark>**<u>legally defend the Supreme Court</u>**</mark>, and **<u>denigrate me based on my disabilities and my lawsuits</u>**. <u>Straw v. LinkedIn</u>, **Dkt. 22-6**:

28. https://www.courtlistener.com/docket/66619947/22/6/straw-v-linkedin-corp/

29. After making her disciplinary complaint, she as ADA coordinator violated my privacy and disclosed her then-unactioned complaint to my opposing counsel in one of the cases she attacked. <u>Straw v. LinkedIn</u>, **Dkt. 22-8**:

30. https://www.courtlistener.com/docket/66619947/22/8/straw-v-linkedin-corp/

31. That ADA coordinator had duties to me but no one held her to those standards. It should have been *per se* disability discrimination and ADA Title V retaliation, direct and obvious, to act that way.

32. Instead of punishing her, an illegitimate disciplinary process was commenced that violated due process by not following time limits, entangled the hearing officer with the federal courts I tried to use to stop this, and when I went to the 7th Circuit fighting this, I was not only denied, but stripped of the right to use federal courts in that circuit. Why? Because I opposed, strenuously, the 7th Circuit hiring my appellee, the hearing officer Rush appointed, as a federal bankruptcy judge and giving him millions of dollars in salary and benefits over 14 years, then denying me with nonsense law arguments.

33. I took that to the U.S. Supreme Court, but it would do nothing, as is true 99% of the time. Nonfeasance is the law of the land. 17-8005.

34. However, my version of events is in the U.S. Supreme Court docket, ==true and correct== under penalty of perjury, with the Indiana Supreme Court refusing to respond to it. It is thus ==unopposed and true== and should be considered here.

35. **MY        PETITION:**        https://www.supremecourt.gov/DocketPDF/17/17-8005/37965/20180307105844473_00000007.pdf

36. **WAIVER OF INDIANA SUPREME COURT RESPONSE TO MY PETITION:**

37. https://www.supremecourt.gov/DocketPDF/17/17-8005/42075/20180403125725368_SCOUT%20Waiver%2017-8005.pdf

38. I was suspended for 180 days without automatic reinstatement even though I was accused simply of using the federal courts in a manner the Indiana Supreme Court did not like. <u>In re Andrew U. D. Straw</u>, 68 N.E.3d 1070 (Ind. 2/14/2017). <u>Straw v. LinkedIn</u>, **Dkt. 22-20**:

39. https://www.courtlistener.com/docket/66619947/22/20/straw-v-linkedin-corp/

40. Its ORDER looked more like a defense counsel document, even though **none of my real opposing counsel asked for me to be punished!** These armchair quarterbacks just took a swipe at me without me being able to respond. That violates due process and my right to an unbiased court, which I have not had.

41. The Virginia State Bar considered the facts surrounding this suspension in 2017 while the original 180 days was happening. VSB's 5-judge panel said I had not done anything that would result in any sanction at all in Virginia under Rule 3.1 and VSB completely rejected the Indiana law license suspension on me. <u>Straw v. LinkedIn</u>, **Dkt. 22-21**:

42. https://www.courtlistener.com/docket/66619947/22/21/straw-v-linkedin-corp/

43. Four U.S. District Courts in the 7th Circuit (WIWD, ILND, INND, & INSD) suspended my law licenses based on the Indiana suspension, but unlike Virginia, they would give me NO HEARING even after VSB totally rejected the Indiana suspension as, "[having] all the grace and charm of a drive-by shooting" using an ADA coordinator. The 7th Circuit said I had no right to any hearing. <u>Straw v. U.S. District Court</u>, 17-2523 (7th Cir. 2017).

44. It also said I had no right to resign any license with a protest, but two U.S. District Courts had already let me resign when that came down. <u>Straw v. U.S. District Court</u>, 18-2192 (7th Cir. 2018). (ILND and WIWD allowed me to resign).

45. I have made an FTCA claim based on the unethical and tortious administrative actions of various U.S. courts, including the 7th Circuit. I have complained both to the Organization of American States and the ICC over the lack of honest courts to provide me services, with Indiana Supreme Court poisoning the federal courts every bit as much as the water that poisoned me at Camp LeJeune. *See*: *Straw v. Facebook*, 3:24-cv-08625-PHK (N.D. Cal.), **Dkts. 23-3, 23-4, & 23-5**:

46. https://www.courtlistener.com/docket/69430377/straw-v-facebook/

47. https://www.courtlistener.com/docket/69430377/23/3/straw-v-facebook/

48. https://www.courtlistener.com/docket/69430377/23/4/straw-v-facebook/

49. https://www.courtlistener.com/docket/69430377/23/5/straw-v-facebook/

50. The U.S. DOJ has consistently failed to provide me any ADA services, including against systemic disability discrimination. I am suing the U.S. DOJ for its **"deliberate indifference"** to my disability rights in the Camp LeJeune Justice Act litigation and for many years before and during it. <u>Straw v. United States</u>, 2:25-cv-00379-JAW-KFW (D.Me.) *See* **Dkts. 7 & 9 and exhibits**:

51. https://www.courtlistener.com/docket/70866674/straw-v-united-states/

52. I am suing the State of Maine's Vocational Rehabilitation Office under ADA Title II for not responding to my emails regarding rehabilitating my law career

for 7 months. The grounds was ADA Title II **==“deliberate indifference,”==** which is the disability discrimination standard for ADA Title II as well as the Rehabilitation Act of 1973, Section 504. <u>Straw v. State of Maine Vocational Rehabilitation</u>, 1:25-cv-00350-JAW-KFW (D.Me., *IFP* granted July 11, 2025)

53. https://www.courtlistener.com/docket/70742846/straw-v-state-of-maine-vocational-rehabilitation/

## FACTS: INDIANA SUPREME COURT FAILURE TO COMMUNICATE FOR NEARLY 8 YEARS WITH $500 PAYWALL IS "DELIBERATE INDIFFERENCE"

54. My discipline process started with a deliberate attack on my disabilities. <u>Straw v. LinkedIn</u>, **Dkt. 22-6**:

55. https://www.courtlistener.com/docket/66619947/22/6/straw-v-linkedin-corp/

56. I have explained how "mitigating facts" were wholly absent at all levels of the process and in the final ORDER. <u>Straw v. Facebook</u>, 3:24-cv-08625-PHK (N.D. Cal.), **Dkt. 20-2**:

57. https://www.courtlistener.com/docket/69430377/20/2/straw-v-facebook/

58. I have explained numerous times how "frivolous" is misused to abuse my civil rights arguments. <u>Straw v. Facebook</u>, **Dkts. 20-1**:

59. https://www.courtlistener.com/docket/69430377/20/1/straw-v-facebook/

60. I have even drafted legislation to abolish the 7th Circuit over how it treated me as a disabled lawyer and to reform the concept of "frivolous" so what happened to me can never happen again, anywhere. See: <u>Straw v. Facebook</u>, **Dkts. 24-1 & 24-2**:

61. https://www.courtlistener.com/docket/69430377/24/1/straw-v-facebook/

62. https://www.courtlistener.com/docket/69430377/24/2/straw-v-facebook/

63. I incorporate by reference all of the above URLs because they are in federal court case dockets and I placed them there under oath with penalties of perjury.

64. I incorporate by reference the Indiana Supreme Court case docket as it was in July 2025, and that I placed in my Straw v. Facebook case at **Dkt. 6-2**:

65. https://www.courtlistener.com/docket/69430377/23/2/straw-v-facebook/

66. The docket sheet shows that no ORDER has been entered since <mark>August 28, 2017</mark>.

67. I, on the other hand, have PAID the costs as ORDERED in 2021 and have no balance due. That was <mark>$419.40</mark> that I only could afford because of my Biden COVID-19 stimulus check.

68. I paid that out of respect for the institution for which I once worked, served.

69. I did not pay it because I thought it was right or legitimate.

70. It was not legitimate.

71. The IADC itself admitted that my disabilities were at issue <mark>by offering me "disability status" on my license</mark>, no longer active, and it admitted that I was <mark>not sanctioned at all on the federal cases</mark> Indiana Supreme Court wanted to punish. Those were admissions. Straw v. LinkedIn, **Dkt. 22-15, ¶¶41-43 & 58)**:

72. https://www.courtlistener.com/docket/66619947/22/15/straw-v-linkedin-corp/

73. I made many filings asserting my ADA rights and that **Dkt. 6-2** docket entry shows this because many of the filings show disability issues are raised right in *the titles*.

74. https://www.courtlistener.com/docket/69430377/23/2/straw-v-facebook/

75. As of August 28, 2025, I will have been waiting 8 years to have responses.

76. The Court said that I need to pay $500, but this is over 3x the price of an Indiana civil case filing. It is ==outrageous== to make me pay anything for that Court to consider *my* disability rights arguments under ADA Title II.

77. ADA Title II applies to state courts, including the Indiana Supreme Court. This is settled law. Tennessee v. Lane, 541 U.S. 509 (2004):

78. https://supreme.justia.com/cases/federal/us/541/509/

79. Just like a state supreme court must not impose the cost of an interpreter on a deaf person or the cost of making court documents accessible to the blind, I should not be saddled with a $500 fee just to have my ADA arguments addressed, just to have the total lack of mitigating facts considered to be addressed.

80. A paywall of $500, applied to me, in poverty because of the ACTIONS of that state supreme court (and the reckless driver as I drove there to work), is ==deliberate indifference to my rights== and my communication and accommodation needs. I need the Court to be open. ==That's the service denied.==

81. That state supreme court is bound to address my disability accommodation needs. It is bound to help me rehabilitate from the car accident. It is bound to

help me rehabilitate from the 9/11 NYC toxic dust that got in my lungs, ENT, and stomach while I was employed at the Indiana Supreme Court and visited NYC in October 2001 to help my ex-spouse with her Ph.D. research.

82. It is bound to help me be a lawyer with accommodations instead of attacks based on my having Camp LeJeune mental illness. I had those illnesses when the license was granted to me on **June 7, 2002**, and the Indiana Supreme Court knows it. <u>Straw v. LinkedIn</u>, **Dkts. 22-36, 22-37, & 22-38**:

83. https://www.courtlistener.com/docket/66619947/22/36/straw-v-linkedin-corp/

84. https://www.courtlistener.com/docket/66619947/22/37/straw-v-linkedin-corp/

85. https://www.courtlistener.com/docket/66619947/22/38/straw-v-linkedin-corp/

86. Obviously, the Indiana Supreme Court knew about my broken legs and pelvis when I was transporting another Supreme Court employee to work with me.

87. <u>Straw v. LinkedIn</u>, **Dkts. 22-26, 26-27, 26-28**:

88. https://www.courtlistener.com/docket/66619947/22/26/straw-v-linkedin-corp/

89. https://www.courtlistener.com/docket/66619947/22/27/straw-v-linkedin-corp/

90. https://www.courtlistener.com/docket/66619947/22/28/straw-v-linkedin-corp/

91. I suffered lifelong injuries and was barely compensated from that car accident, while <mark>the Indiana Supreme Court did not top up the losses</mark>.

92. No payment was made by Indiana to make up for the $400,000 my lawyer, Samual Ardery of Bloomington, said I lost with my damages at $500,000 but the reckless driver's insurance only at $100,000.

11

93. I just had to eat the damage, over **4x what my entire salary** was at the Supreme Court for the 23 months I worked there, given several months were at a much lower temporary disability benefit, and no workers compensation was provided or allowed when I was **fired for cause** when **there was no cause**, just bland pretexts drummed up by my "superiors." Straw v. LinkedIn, **Dkt. 22-46**:

94. https://www.courtlistener.com/docket/66619947/22/46/straw-v-linkedin-corp/

95. **I sacrificed for all of the courts in the State of Indiana** and thus **my injuries were in service to every person in that state**. I worked for the Chief Justice of Indiana and I have lifetime disabilities from it.

96. I have titanium holding my hip and ankle together, even today in 2025. It hurts when it rains and I think of all the Indiana people I served that this pain represents.

97. I deserved RESPONSES to my filings done in respect and deference, not nearly **8 years of failure to respond** and **hiding behind a $500 paywall**.

98. Not responding to me is **"deliberate indifference"** that prevented me from having my disability rights filings addressed by the Court that benefitted from my service and **hurt me repeatedly on top of my disabilities serving them.**

99. I deserved **rehabilitation**, not **retaliation**.

100.    I deserve that under both ADA Title II and the Rehabilitation Act of 1973. I need rehabilitation, not tossing me aside and insulting me every time I try to make life better for disabled people, myself included. "Frivolous is the weapon of choice and I say that law needs to be changed so abuse is removed.

101.    I want compensation for the 8 years of services that could not be provided absent the actions of the Indiana Supreme Court.

102.    My discipline could have been quashed in the total absence of any mitigating fact being considered. I certainly ASKED for them to be considered.

103.    I could have been paid for the lack of insurance that left me holding the bag, a $400,000 deficit with a lifetime of injury that I deal with every day.

104.    Ignoring me, ostracizing me, failing to provide any service at all, using my poverty as a $500 paywall, including refusing to consider the REAL FACTS with orders and an open court. These all represent "deliberate indifference" and that means ADA Title II intentional discrimination that must be compensated. Not providing an "open court" violates the Indiana Constitution and my rights under Tennessee v. Lane to a court that works properly and enforces the ADA on my facts.

### COUNT I – ADA TITLE II "DELIBERATE INDIFFERENCE"

105.    My law license remains suspended 101 months after 2/14/2017.

106.    SINCE the 180 days expired, 7 years and 11 months of my filings have been unactioned. All the Clerk of the Indiana Supreme Court does is "receive" them, but no orders ever issue. That is a court that is closed to me after abusing me and not listening to my filings over the past 11 years, since August 2014.

107.    That practice of receiving but ignoring is deliberate indifference.

13

108.    Relying on a $500 paywall to prevent justice on my disability rights claims and demands with my COMPELLING FACTS does not alleviate the duties under ADA Title II or the Rehabilitation Act, Section 504.

109.    The Indiana Supreme Court knows that my case is flush with disability issues and it knows that putting me into poverty by ruining my career and then placing this $500 fee in my way is no different from making any other disabled person **unable to get services without paying such a fee**. It is called a barrier.

110.    No surcharges are allowed to have disability services. 28 C.F.R. § 35.130(f); Technical Assistance Manual, II-3.5400. See, Klingler v. Director, 433 F.3d 1078 (8th Cir. 2006) (charging fee for disability parking hangtags violates ADA). The services I asked for are every bit as important for a disabled lawyer as being able to park at the Court. Denying handicap parking at a court violates the ADA. Denying me my accommodations and rehabilitation needs also closes the court to a disabled person: me.

111.    No discrimination can be imposed against a class of disabilities, or based on severity of disability. 28 C.F.R. § 35.130(b)(1)(iv) ; 28 C.F.R. § 35.130(b)(8); 28 C.F.R. § 35.130(c). See, e.g., Messier v. Southbury Training School, 562 F. Supp. 2d 294, 322–323 (D. Conn. 2008); Hahn ex rel. Barta v. Linn County, 130 F. Supp. 2d 1036, 1050 (N.D. Iowa 2001) (and cases cited).

112.    ADA Title II prohibits certain disparate impact discrimination. 28 C.F.R. § 35.130(b)(3)(i)  and  (b)(8); Tennessee v. Lane, 541 U.S. 509, 549 (2004)

14

(Rehnquist, C.J., dissenting); <u>Hunsaker v. Contra Costa County</u>, 149 F.3d 1041
(9th Cir. 1998) (disparate impact claims require showing that meaningful
access was denied); <u>Ability Center of Greater Toledo v. City of Sandusky</u>, 181
F. Supp. 2d 797 (N.D. Ohio 2001); <u>Smith-Berch, Inc. v. Baltimore County</u>, 9
Md., 68 F. Supp. 2d 602 (D. Md. 1999). See also <u>Alexander v. Choate</u>, 469 U.S.
287 (1985) (decided under § 504).

113.     In my <u>Straw v. LinkedIn</u> case, I proved that I raised disability issues
multiple times but these arguments were wholly ignored by the Indiana
Supreme Court in suspending me. They are worth reviewing, what I said prior
to the sanction being imposed and I incorporate them by reference because this
shows deliberate indifference was part and parcel of my suspension case from
the disciplinary complaint forward:

114.     https://www.courtlistener.com/docket/66619947/22/9/straw-v-linkedin-corp/

115.     https://www.courtlistener.com/docket/66619947/22/12/straw-v-linkedin-corp/

116.     https://www.courtlistener.com/docket/66619947/22/13/straw-v-linkedin-corp/

117.     https://www.courtlistener.com/docket/66619947/22/19/straw-v-linkedin-corp/

118.     The Executive Director of IADC lied and said I did not defend myself. He knew that I did and he knew that both his office and the Court for which he worked <mark>ignored these documents too</mark>. Straw v. LinkedIn, **22-24**:

119.     https://www.courtlistener.com/docket/66619947/22/24/straw-v-linkedin-corp/

120.     That was glorifying the deliberate indifference, shouting about it and having a party that this Court for which I SACRIFICED more than him was hurting me without cause and can get away with it. That's the bad attitude that prevails and until I am paid, <mark>disabled people will fear using the Courts that laws put in place to help them</mark>.

121.     I have tried to enforce law on this Indiana violation of me in Virginia but Indiana opposes jurisdiction and venue there. http://vb.andrewstraw.com

122.     I can't use the federal courts because of the 7th Circuit and its violence on my court access rights. 17-1338, **Dkts. 79, 80, 81, & 82**. I am left with Indiana state court to enforce the ADA. The federal courts disfavor that law and disfavor me, God knows why. I don't know.

123.     Maybe, like my whole life, people without the disabilities I have don't understand why I have rights. They need to become disabled before they "get it." They or their dear family members. This has been a problem for civil rights laws from the beginning. The privileged and lucky don't like laws that raise up other people. It's our history as a nation. Crabs in a bucket.

124.     It also should be noted that the discipline on me was ==entirely internal to the Indiana Supreme Court==. No federal judge in my cases that were attacked asked for this. No opposing counsel asked for it. No defendant asked for it. Over 100 people could have made a complaint, many of them top lawyers because I sued the top 50 law schools in the United States, but ==no one complained to the Indiana Supreme Court==. Only the Indiana Supreme Court ADA Coordinator immediately in response to my ADA petition to her court, about her court, *attacked me personally*. I never met the woman. Never spoke with her on the phone. All she did was sit there like a spider, waiting for anyone to complain, and then *retaliated*.

125.     That *modus operandi* is discrimination on its face. It makes disabled people afraid to complain when have they a law guaranteeing that right. Only Indiana doesn't enforce it, doesn't agree with it, even though it is the Supreme Law of the Land, <u>higher than the Indiana Constitution and certainly higher than any regulation by a state supreme court</u>. ==U.S. Const. Art. VI, Cl. 2.==

126.     The ADA outlaws retaliating against one who has opposed unlawful practices or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter. 42 U.S.C. § 12203(a); 28 C.F.R. § 35.134(a); Technical Assistance Manual, II-3.11000.

127.     Indiana violated that so clearly and directly.

128.      It is also unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having

exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA. 42 U.S.C. § 12203(b); 28 C.F.R. § 35.134(b); Technical Assistance Manual, II-3.11000.

129.     Indiana violated that, so clearly and directly.

130.     The elements of a retaliation claim are: plaintiff engaged in statutorily protected expression; suffered an adverse action; and the adverse action was causally related to the protected activity. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 (11th Cir. 2003).

131.     Not every unkind act is sufficiently adverse; the inquiry outside the employment context is whether a reasonable person in his position would view the action as adverse. *Id.* at 1181. Compare Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (holding that in employment context plaintiff must show that reasonable employee would have found the challenged action—well might have dissuaded a reasonable worker from making or supporting‖ the protected conduct) (internal quotes omitted)

132.     Yeah, firing me and burdening my law license was adverse. Yeah, rejecting my ADA petition was adverse. Yeah, attacking my 4 ADA cases was adverse. Yeah, suspending me for 8.5 years in my law license I earned working for the Chief Justice of Indiana was ADVERSE.

133.     The normal Title II remedies apply to a retaliation claim based on Title II conduct. 42 U.S.C. § 12203(c).

134.    Some courts have held that there is individual liability in Title II retaliation cases. *See* <u>Datto v. Harrison</u>, 664 F. Supp. 2d 472, 489–492 (E.D. Pa. 2009) (collecting authorities and finding individuals may be held liable).

135.    This Court in 2021 adjudicated that I could have *IFP* status. That legal *res* in Indiana should have been a clue to let the Indiana Supreme Court give me services without fees in my suspension case.

136.    I have asked that Supreme Court to waive the $500 in fees but the request was "received" and not actioned.

137.    This failure to action or consider my filings and provide me with ***any services*** represents <mark>deliberate indifference</mark>. It violates ADA Title II as well as the Rehabilitation Act of 1973, Section 504. Both of these laws prohibit deliberate indifference to the accommodation demands of disabled people. I think the fact of me making disability rights demands is crystal clear and long-term.

138.    I have applied to the Indiana Supreme Court before to take my appeals but was denied every single time. That also represents <mark>deliberate indifference</mark> to me.

139.    I am important. I am not trash that the Supreme Court sets on the corner to be taken away. The way I was fired, with 2 security guards escorting me out, was so extreme, so unnecessary, so wrong. Me limping out the door.

140.    I represent being a disabled lawyer who worked for the Chief Justice and <mark>my views are critical to disability reform</mark> in the State of Indiana. Including

getting rid of the ban on all disabled people being active in good standing lawyers. Adm. & Disc. R. 23, Sections 2(c) & 3(b).

141.    That ban ==lumps disability with drug use and alcoholism== and it discriminates on its face, but it is still the regulation in place in Indiana to the best of my knowledge. I advocated against it as soon as I realized that regulation affects and limits disabled people from being both lawyers and judges, since you have to be a lawyer to be a judge or justice in Indiana.

142.    http://ban.andrewstraw.com

143.    My license and my disability arguments should have had *such deference* and respect at the Indiana Supreme Court. That HONOR and RESPECT were earned while I was ==disabled from Camp LeJeune==, ==disabled from that reckless driver serving that state supreme court and all Indiana courts==, and ==disabled from the 9/11 toxic dust in NYC.==

144.    If anyone deserves the rights in the ADA to have services from THAT PARTICULAR STATE SUPREME COURT, it is me.

145.    I place Justice Frank Sullivan's letter to me as the first page of my CV now and this Court should review it: www.andrewstraw.com

146.    That 2001 Indiana justice letter appears in Straw v. Avvo, Inc., 2:25-cv-00391-JAW (D.Me.) at **Dkt. 1-4** and I incorporate it by reference.

147.    I am a civil rights leader and provided court statistical and technology services to the entire State of Indiana. Every citizen benefitted from what I did. Straw v. LinkedIn, **Dkt. 22-45**, is my national final 8 in the nation badge

from July 2001 when I invented the protective order database now used in Indiana without any reference to me. Justice Sullivan gave me permission to go to DC ON MY CRUTCHES from the car accident to pitch the idea, later built in Indiana from a federal grant without mentioning me:

148.    https://www.courtlistener.com/docket/66619947/22/45/straw-v-linkedin-corp/

149.    https://www.in.gov/courts/admin/tech/protection-order/

150.    That registry of protective orders that was my idea was paid with money from the federal government, making my being excluded from credit a Section 504 violation of the Rehabilitation Act of 1973, and an ADA Title II violation as well.

151.    I was disabled and did something incredible while walking around on crutches, developed an idea that protects every Hoosier, but the **SERVICE of giving me credit was denied**. **Deliberate indifference.** A 20+ year problem at the Indiana Supreme Court, that persists into 2025 with the failure to grant me services when I file documents.

152.    In Virginia, I helped a billionaire as his corporate counsel to improve and preserve the court land records going back to the 1600s. It is likely that work for Alan M. Voorhees is what landed me the job at the Indiana Supreme Court, along with the recommendations of 2 former law school deans who supported me, **Lauren K. Robel** and **Alfred C. Aman**. Straw v. LinkedIn, **Dkt. 22-42**:

153.    https://www.courtlistener.com/docket/66619947/22/42/straw-v-linkedin-corp/

154.    Dean Aman has always supported me. I worked for him as his research assistant and he saw how I was affected when my mother died from her Camp LeJeune cancer when I was 2L in Bloomington. Straw v. LinkedIn, **Dkt. 22-35**:

155.    https://www.courtlistener.com/docket/66619947/22/35/straw-v-linkedin-corp/

156.    Lauren K. Robel, then the law school dean in 2003, felt so bad about what happened to me that she let me be the assistant dean in charge of the International Programs at IU-Maurer School of Law. She knew the situation. She knew I was fired unfairly. And she acted on it by hiring me for a few months in 2003 until I left for New Zealand that year.

157.    I served on the Virginia State Bar Task Force on Technology. I earned a certificate in court management leadership from MAACM before I worked at Indiana Supreme Court. Straw v. LinkedIn, **Dkt. 22-43**:

158.    https://www.courtlistener.com/docket/66619947/22/43/straw-v-linkedin-corp/

159.    I am not just a lawyer with disabilities.

160.    ==I am much more==, and if the Indiana Supreme Court had seen fit, it could have made me into an incredible resource to advance the ADA Title II. It could have offered to ME to be the ADA coordinator, and I sure as Hell would not

22

have acted the way its ADA coordinator did toward me. I respect and include people with disabilities of all kinds.

161.    The Indiana Supreme Court could have rehabilitated me and gave me the $400,000 that Indiana law held outside my reach, like teasing. I earned that by driving to that Court to work and being permanently disabled. I EARNED IT. I OWN that money, whether it is handed over or not. It serves as a curse as long as it is pooled with other money in the state fisc.

162.    I don't rip disabled people's careers into pieces in retaliation for legitimate complaints like mine were. I am better and I proved it during that short time I worked there.

163.    Instead, the Indiana Supreme Court chose 24 years of damage and denigration to ruin me. And other disabled people have sued Indiana when if I were in charge of that, change would have happened WITHOUT the resistance that requires a lawsuit to make change happen.

164.    I am not even sure why I was fired except for the disabilities I had. I didn't do anything to offend anyone at the Court when I worked there. Nobody claims I did; they just go into legal defense mode won't have a conversation. Straw v. LinkedIn, **Dkt. 22-7**:

165.    https://www.courtlistener.com/docket/66619947/22/7/straw-v-linkedin-corp/

166.    I helped deaf and blind court users with innovation on my own initiative and Justice Sullivan knew it because he authorized a grant that I asked  JTAC

to pay. I achieved JTAC providing a legally blind judge in Vermilion County with JAWS software so he could read court pleadings.

167.    I ADVOCATED DIRECTLY, AS A SUPREME COURT OFFICER, for disabled people.

168.    I was the first Indiana Supreme Court officer to visit with the Indiana Association of the Deaf, so they told me when I showed up for their meeting. I went to the Indiana School of the Blind not long before I was fired to talk with students there about being lawyers and judges.

169.    Given Michigan now has a blind justice on its state supreme court, I think I was ahead of my time, https://www.courts.michigan.gov/courts/supreme-court/justices/justice-richard-bernstein/

170.    Under the ban rule, that guy would not even be able to be a lawyer in the first place, no matter what his talents are. Indiana needs to get with the program, starting with me.

171.    My early advocacy did not make me wrong. It made me privileged enough to be disabled and available for that state supreme court to take advantage of my situation and **turn my lemons into lemonade**. The ADA was there, *ready* to be enforced vigorously.

172.    I was the right person to do it and I was already doing it, proactively. I didn't need a disabled person *suing me* to enforce this law.

24

173.     I took the oath to uphold all the laws, including this one. I don't know why the other lawyers in Indiana, and especially those ones so privileged to hold a state supreme court justice job, don't want to help disabled people like me. Are they asking God to punish them?

174.     Jesus helped disabled people, even lepers, and he didn't need a judge or a court to ORDER him to do it. He knew what was right. I think these justices who deny me know I am right. But as they say, **the law is for the lawless**.

175.     The ADA Title II is for those who deliberately discriminate in state courts. Those who exhibit **deliberate indifference** to people like me.

176.     And now I am asking this Court to enforce the ADA Title II and its regulations on the State of Indiana.

177.     To hurt me and keep me humiliated with the suspension is disability discrimination. It could have been addressed at any point given how many times I asked this relief in the docket of my suspension case.

178.     The suspension is ongoing and so the **deliberate indifference** is too.

## PRAYER FOR RELIEF

179.     I incorporate all the above numbered paragraphs by reference.

180.     I pray that this Court will consider the facts of my disabilities and the discrimination I have shown and grant me the compensation that is long overdue refusing to consider my ADA arguments in my own suspension case as a disabled lawyer demanding relief without responses for **7 years and 11 months**. This "deliberate indifference" to me and my disability needs motivates

my injury claim here. **$1,000,000** is my compensation damages demand for the ==deliberate indifference==, guided by the ADA Title II damages awarded in <u>Barnes v. Gorman</u>, 536 U.S. 181 (2002):

181.     https://supreme.justia.com/cases/federal/us/536/181/

182.     I do not demand punitive damages because they are not available under <u>Barnes</u> in applying Title II.

183.     The Indiana justices should be ordered to action my filings without $500.

184.     My relief is provided by 42 U.S.C. § 12132 and the ADA Title II regulations that implement the ADA Title II. To the extent the deliberate indifference was retaliation, the damages may also be justified under Title V, 42 U.S.C. § 12203.

185.     https://www.law.cornell.edu/uscode/text/42/12203

186.     https://www.law.cornell.edu/uscode/text/42/12132

187.     The Court should provide me with counsel, given the Indiana Supreme Court found me incompetent. 42 U.S.C. § 12205. https://www.law.cornell.edu/uscode/text/42/12205

## IMMUNITY

188.     States are not immune from ADA Title II. State immunity was explicitly rejected by Congress in 42 U.S.C. § 12202. https://www.law.cornell.edu/uscode/text/42/12202

## VENUE AND JURISDICTION

189.     Venue is proper in Monroe County, Indiana, as the Indiana Supreme
Court injured me while I resided there in 2001-2003, and that injury never
stopped.  Also, every county court has jurisdiction since the Supreme Court's
suspension actions are done statewide on my law license that applies in every
county of the state, not in any one place. My law license was suspended in
Monroe County just like every other county.  Ind. T.R. 75.  Ind. Const. Art. 7,
Section 4.  The grounds for payment is ADA Title II. This Court is bound to
enforce federal civil rights laws like ADA Title II and the Rehabilitation Act
and has concurrent jurisdiction with federal courts. U.S. Const. Art. VI, Cl. 2:

> This Constitution, and **the Laws of the United States** which shall be
> made in Pursuance thereof; and all Treaties made, or which shall be
> made, under the Authority of the United States, shall be **the supreme
> Law of the Land**; and the **Judges in every State shall be bound thereby,
> any Thing in the Constitution or Laws of any State to the Contrary
> notwithstanding**.

190.     Thus, ADA Title II is higher than any state law or anything in the
Indiana Constitution. ==Deliberate indifference== is prohibited in all laws in
Indiana and no state officer may act that way, with **deliberate indifference** to
my rights as a disabled person and lawyer and former state supreme court
officer in Indiana. No state law, regulation, or constitutional provision should
be mounted as a defense because to do so is illegitimate under U.S. Const.
Article VI, Cl. 2. There is no immunity and the ADA can be enforced by a state
court on the State of Indiana. That's who I sue here because Indiana created
that court and doesn't rein it in with just laws and good appointments.

## *IFP* AND SERVICE

191.    Given my *IFP* status was adjudicated in 2 different federal court cases in June and July 2025, *IFP* should be granted to me. See:

192.    https://www.courtlistener.com/docket/70580597/straw-v-university-of-maine/

193.    https://www.courtlistener.com/docket/70742846/straw-v-state-of-maine-vocational-rehabilitation/

194.    It was also granted in my Camp LeJeune Justice Act lawsuit in 2024: https://www.courtlistener.com/docket/66839685/82/straw-v-united-states/

195.    Also, the Court should serve the complaint and summons to the Indiana Attorney General and the Governor of Indiana for me. Their addresses are as follows:

> INDIANA ATTORNEY GENERAL
> Indiana Government Center South
> 302 W. Washington St., 5th Floor
> Indianapolis, IN 46204
> Phone: (317) 232-6201
>
> GOVERNOR OF INDIANA
> 200 W. Washington St., Rm. 206
> Indianapolis, IN 46204
> Phone: (317) 232-4567

I, Andrew U. D. Straw, verify that the above statements and conclusions and URL exhibits and exhibits are made in good faith, are true and correct under penalty of perjury, and I arrived at them after inquiries reasonable under the circumstances. July 29, 2025

Sincerely,

s/ Andrew U. D. Straw
USA MAILING ADDRESS (PhysicalAddress.com)
9169 W State St # 690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com

PHYSICAL RESIDENCE:
Sitio Boundary, Aniar Residence
Mapaya III Barangay
San Jose, Occidental Mindoro 5101
The Philippines
+63-956-892-6403
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this <mark>29th day of July, 2025</mark>, the foregoing **COMPLAINT**, and a **MOTION FOR SERVICE** and **WAIVER OF FEES FORMS (lead document)** were served upon the CLERK and the following persons using E-File, and by official state email addresses of these offices:

> (1) counsel, Indiana Supreme Court:  Adrienne.Meiring@courts.in.gov
> (2) Attorney General, if applicable: Cory.Voight@atg.in.gov

Respectfully submitted,

s/ Andrew U. D. Straw
USA MAILING ADDRESS (PhysicalAddress.com)
9169 W State St # 690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com

PHYSICAL RESIDENCE:
Sitio Boundary, Aniar Residence
Mapaya III Barangay
San Jose, Occidental Mindoro 5101
The Philippines
+63-956-892-6403
andrew@andrewstraw.com

www.andrewstraw.com