## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00391-JAW |
| | ) | |
| AVVO, INC., | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted Andrew U. D. Straw's application to proceed *in forma pauperis*, *see* ECF No. 13, his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Straw invokes diversity jurisdiction and asserts a state law breach of contract claim against Avvo, Inc. *See* Complaint ¶¶ 50-56, 58. Straw is a United States citizen living in the Philippines, and, according to him, Avvo's headquarters are in Seattle, Washington. *See id.* ¶¶ 14, 19, 57, 59.

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity; "that is, no plaintiff may be a citizen of the same state as any defendant." *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "United States citizens who are domiciled abroad are citizens of no state," *D.B. Zwirn Special*

*Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011), and therefore they cannot "satisfy the requirements of diversity jurisdiction" under section 1332(a)(1), *Hearts with Haiti, Inc. v. Kendrick*, 856 F.3d 1, 4 (1st Cir. 2017). Likewise, "their stateless status destroys complete diversity under § 1332(a)(3) and their United States citizenship destroys complete diversity under § 1332(a)(2)." *D.B. Zwirn*, 661 F.3d at 126 (cleaned up).

Here, Straw indicates that he has lived in the Philippines since June 2018 and "is seeking human rights asylum" in that country due to "the disability discrimination he alleges he has suffered by U.S. Courts."  ECF No. 6 at 2-3.  In another case before this Court, he further indicates that he is "engaged to a citizen of the Philippines" and they are currently building a house in the Province of Occidental Mindoro.  *Straw v. United States*, No. 2:25-cv-00378-JAW, ECF No. 1 at 20-22 (D. Me. July 21, 2025).  Nevertheless, he "is still registered to vote in Illinois," maintains an Idaho mailing address through a mail-forwarding service, and recently attended online classes at the University of Maine.   *See* ECF No. 6 at 3; *see also Straw v. Univ. of Me.*, 1:25-cv-00325-JAW, ECF No. 5-3 (D. Me. June 19, 2025).

Because  Straw has lived in the Philippines for seven years and it is clear that is where intends to remain—indeed, he is seeking asylum and building a house there and is engaged to a citizen—he is domiciled in that country.  *See Bank One, Tex., N.A. v. Montle*, 964 F.2d 48, 50 (1st Cir. 1992).  His scattered nonphysical ties to various states in this country are insufficient to cast doubt on his domicile being

2

in the Philippines. *See Hearts with Haiti*, 856 F.3d at 3-4. Considering his stateless status as a United States citizen domiciled abroad, he "cannot claim diversity jurisdiction in any federal court, including the District of Maine." *McCaslin v. Massachusetts*, No. 2:23-cv-00375-JAW, 2023 WL 6534359, at *2 (D. Me. Oct. 6, 2023). Thus, regardless of Avvo's citizenship, this Court lacks jurisdiction over this matter.

Moreover, even if this Court had jurisdiction, Straw's complaint would be subject to dismissal on res judicata grounds because it is, by his own description, an improper end run around the unfavorable result in his prior case against Avvo in the Western District of Washington. *See Straw v. Avvo, Inc.*, No. C20-0294 JLR, 2020 WL 6561612, at *2 (W.D. Wash. Nov. 9, 2020) (dismissing Straw's complaint against Avvo with prejudice), *aff'd*, No. 20-35971, 2021 WL 5984972 (9th Cir. Dec. 16, 2021); Complaint ¶ 60 ("I need another U.S. District Court to allow me to litigate this, outside the 9th Circuit . . . .").

A PACER search reveals over 150 matters bearing Straw's name, and he has initiated five cases in this Court in the last month or so. *See Straw v. Univ. of Me.*, No. 1:25-cv-00325-JAW; *Straw v. State of Me. Vocational Rehab.*, No. 1:25-cv-00350-JAW; *Straw v. United States*, No. 2:25-cv-00378-JAW; *Straw v. United States*, No. 2:25-cv-00379-JAW. Given his status as a serial litigator and the baseless nature of the instant complaint, Straw should be warned that further groundless filings may result in an order limiting his ability to institute legal proceedings in this District. *See Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir.

1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

Finally, considering the baseless nature of Straw's complaint, the Court should certify that any appeal from its order dismissing this matter would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court—before or after a notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .").

For these reasons, I recommend that the Court **DISMISS** Straw's complaint, **MOOT** any other pending motions, **WARN** him that filing restrictions are in the offing, and **CERTIFY** that any appeal from the order of dismissal would not be taken in good faith.


### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: August 1, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge

5