IN THE

# United States District Court for Maine

| | | |
|---|---|---|
| ANDREW U. D. STRAW, <br> *Plaintiff,* <br> <br> v. <br> <br> AVVO, INC., <br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.:   2:25-cv-00391-JAW <br> <br> Hon. <u>John A. Woodcock Jr.</u> <br> Judge Presiding <br> <br> Hon. _____ <br> Magistrate Judge Presiding |

**RESPONSE OBJECTING TO THE RECOMMENDATION OF**

**THE MAGISTRATE JUDGE TO DISMISS**

I, plaintiff ANDREW U. D. STRAW, make the following RESPONSE:

**FACTS**

1. First, I want to express appreciation for granting my *In Forma Pauperis* status here and in my other cases pending before this Court.

2. I do not agree with the conclusions of law that there is no diversity because I am stateless or that this matter is *res judicata*, for the reasons that follow.

**STATELESSNESS: A FACTUAL DETERMINATION RE DIVERSITY**

3. While factually it is true that I have lived overseas in the Philippines since 2018, I have never been granted asylum here and my visa is still officially a tourist visa, not an immigrant visa.

4. This type of visa cannot be deemed as permanent residence here in the Philippines. It simply is not.

1

5. I have been waiting for 6 years, since 2019, to have my asylum request granted and this is an extremely long time that is likely the result of the complicated nature of my situation as a lawyer, disabled person, and victim of both crime and discrimination.

6. My status as a person with a **tourist visa** simply wanting asylum can be seen in the Philippines DOJ RSPPU CPA letter and indorsement, which I attach as EXHIBIT 1. I keep my latest CPA letter at the following URL for convenience and I have done this for years. http://cpa.andrewstraw.com

7. What can be definitively shown is that **I have never lived in Washington State**, where Avvo's headquarters are located.

8. Thus, diversity cannot be defeated based on my having a residence where Avvo's residence is as a matter of law because of that fact.

9. It is true that I am engaged to a Philippines citizen, ROSANNA INDAP QUIJANO. I have been gathering our birth certificates, CENOMAR documents, and Cedulas, notarized Affidavit of No Marriage, *inter alia*, but we are not married yet.

10. My intention to be married is not the same thing as having a permanent residence visa here under Visa 13A.

11. I have been living in her hut in the jungle for several months, but I still am only **here as a tourist** who **seeks more** but **does not have more** at this time. I have no immigrant visa at this time.

12. Under such conditions, an American U.S. citizen does not become stateless just because he visits somewhere else for a long time as a tourist.

13. This Court has evidence before it of my intention to form a federal civil rights focused and federal agency focused law firm that covers Maine. *Straw v. Avvo, Inc.*, 2:25-cv-00391-JAW (D.Me.); *Straw v. State of Maine Vocational Rehabilitation*, 1:25-cv-00350-JAW-KFW (D.Me.) (**Dkts. 1-1 & 1-2**):

14. https://www.courtlistener.com/docket/70742846/1/1/straw-v-state-of-maine-vocational-rehabilitation/

15. https://www.courtlistener.com/docket/70742846/1/2/straw-v-state-of-maine-vocational-rehabilitation/

16. I have earned an "A" in a Disability Studies graduate course in Maine last year. *Straw v. University of Maine*, 1:25-cv-00325-JAW-KFW (D.Me. 2025) (RESOLVED).

17. I was found eligible for **Maine** Vocational Rehabilitation services:

18. https://www.courtlistener.com/docket/70742846/1/1/straw-v-state-of-maine-vocational-rehabilitation/

19. Given my expressed intent to come live in Maine and have a business there, these contacts are far more substantial than just **being** in the Philippines with the only actual fact being that **I am still a tourist**. Exhibit 1.

20. Moreover, my last physical residence in the USA before coming to the Philippines as a tourist was in Kane County, Illinois, at the public housing address of **120 S. State St. #307, Elgin, IL 60123**.

21. I am registered to vote in Kane County, Illinois. These are also stronger contacts than having a tourist visa for a long *visit* in the Philippines without more.

22. It seems likely that if a person from Maine goes to visit relatives in Quebec, they are not going to be stripped of their Maine citizenship. Intentions on how long to stay don't make a tourist visa anything other than what it is. <u>Temporary and not citizenship-stripping.</u>

23. My mailing address in the USA where I get all my mail so it can be scanned and provided to me over the Internet or forwarded at my request is in Idaho and I use it for all my federal and state cases so things don't get lost in the mail. I keep that service no matter where I live. This is business being done in the United States and my address is **9169 W State St # 690, Garden City, ID 83714**.

24. To strip me of state citizenship over something as flimsy as a tourist visa and a "hope" that I can have asylum due to the discrimination from federal courts that abuse the term frivolous is excessive and not warranted.

25. My past residence in Illinois and my expressed residence hope for Maine and the First Circuit with steps taken by me in that direction are much stronger <u>actual connections</u> than my temporary if extended tourism in the Philippines.

26. Even in the case of the house my fiancée is building, <u>**the facts don't make me more than a tourist**</u>. I cannot own property here. She is building the house with my money, but I have to <u>**gift it to her**</u> to do this. The land will be in her name

and the house will belong to her, even if I can stay there for free. Still a tourist, still without property rights. 1987 Philippines Constitution. This is a problem that I try to address in another case before this Court. *Straw v. U.S. & Philippines*, 2:25-cv-00378-JAW (D.Me.).

27. If I win that case, basically what changes is that I am not overseas anymore as a matter of law. **Philippines vis-à-vis me** is a territory of the USA, as it was before Congress violated the Constitution to create a nation. 28 U.S.C. 1332(e).

28. However, simply filing my lawsuit to address my property rights violations does not mean I have won already. Like with my asylum request pending for 6 years, this lawsuit has just been filed and I have nothing from it as yet and may not in the future, depending on how it turns out. I don't own anything in the Philippines. No property, no car, no nothing. Just my service dog and a few random things like a tiny computer and my clothes. I don't even have a suitcase anymore. And 28 U.S.C. 1332(e) may apply if I win, so it is exactly the opposite of what the Magistrate Judge is saying. I fight hard in that case so that I am **not overseas** and 28 U.S.C. 1332(e) applying to me in this TERRITORY of the United States is a possible outcome. It's not frivolous to assert it.

29. A TERRITORY of the United States is considered **a state** for diversity cases. Even more reason for me to pursue that matter, not just Takings of my property rights.

30. For the above reasons, this case should be allowed to proceed as a diversity matter given **I am not stateless** (choose Illinois for the past or Maine for future

5

intent or the Philippines as a territory under 28 U.S.C. 1332(e)). The facts simply do not support deeming *me* to be *stateless*.

31. 28 U.S.C. § 1332 applies here. Perhaps under (a)(1) or (a)(2), but certainly my situation applies. 28 U.S.C. § 1332(e).

32. Especially note that if the Philippines is, <u>**as a matter of law**</u>, still to be considered <u>a territory</u> in how I am related to it, 28 U.S.C. § 1332(e) means I am covered also. In other words, there are multiple ways for me to have the jurisdiction of this Court as a diversity plaintiff.

33. https://codes.findlaw.com/us/title-28-judiciary-and-judicial-procedure/28-usc-sect-1332/

34. Thus, if the Court pushes too hard in that direction, it may well find I am not overseas at all and thus territorial diversity applies. 28 U.S.C. § 1332(e).

35. Thus, this is even more reason to take jurisdiction and decide that other case, which also affects here for this reason because Philippines may be a territory and treated as such for limited purposes of *my rights*. *Straw v. U.S. & Philippines*, 2:25-cv-00378-JAW-KFW (D.Me.):

36. https://www.courtlistener.com/docket/70866352/straw-v-united-states/

## *RES JUDICATA* ERRORS

37. The case in Western District of Washington was <u>**not a breach of contract case**</u>. It delved deep into tort. <u>**It was a tort case**</u>.

38. The issue of breach of contract was not before that Court. In fact, I tried to add that issue in 2025, but the federal judge said he would not allow me to amend to add that. *See, Straw v. Avvo*, **Dkt. 81**:

39. https://www.courtlistener.com/docket/16888269/81/straw-v-avvo-inc/

40. https://www.courtlistener.com/docket/16888269/straw-v-avvo-inc/

41. This is the same federal judge whose law clerk was hired into the litigation group of opposing counsel, the same federal judge who bought stock in a company owned by the owner of Avvo, KKR, with my appeal pending.

42. That was not an unbiased court. It was biased. *See, Straw v. Avvo*, **Dkts. 80-1 to 80-7.**

43. I put the facts with evidence into the record there and **the judge could not refute them**. He also did not strike them because they are true facts.

44. The problem is when I present true facts with documentary evidence but law is not available to me. This happens over and over and over again. It has been horrendous, the way courts entangle with parties. *See*, 17-8005 at U.S. Supreme Court, **shocking but uncontroverted**:

45. https://www.supremecourt.gov/DocketPDF/17/17-8005/37965/20180307105844473_00000007.pdf

46. Indiana Supreme Court could not refute what I said and **waived response**:

47. https://www.supremecourt.gov/DocketPDF/17/17-8005/42075/20180403125725368_SCOUT%20Waiver%2017-8005.pdf

48. I have presented a COMPLAINT here without any statute of limitations issues because the deadline in Washington State is **6 years** and the deadline in Maine is **20 years on a written contract**.

49. I have presented a COMPLAINT here with **one count**: **breach of contract**.

50. That issue has never been adjudicated by a federal court *anywhere*.

51. I should not be stripped of my right to have adjudication on that issue, just as I am apparently being stripped of state citizenship in order to deny me the services of this Court. Stripping me of my right to justice and a decision should not be so easy.

52. I am exercising a First Amendment right when I petition this Court and present facts and law, as I have done.

53. Different Elements and Claims:

54. A contract claim requires ==proof of breach of an agreed term==.

55. A tort claim requires proof of duty, breach, causation, and damage, independent of any agreement.

56. ADA claims require alleging discrimination, but I don't do that here to enforce the contract.

57. The tort I alleged but was not allowed to pursue, dismissed, was defamation: that Avvo lied about my bar membership and active status in Virginia for 3 years on its website profile for me as a lawyer.

58. The **contract breach** here is different. The breach was based on a different set of acts, which I have explained in my COMPLAINT, **Dkt. 1** here.

8

59. The facts here involve the TOS of Avvo demanding that disputes be put to arbitration in California at JAMS. But when I tried to do that, Avvo would **not pay its JAMS fee** and JAMS simply would not do the arbitration service without Avvo's fee.

60. These facts are indisputable and they are **not the same facts or law** that were adjudicated in the *Straw v. Avvo* case in Washington State federal court. It is worth reading through the dismissal ORDERs to see this is true. No contract breach claim was adjudicated, much less dismissed.

61. The federal judge even *listed the claims* and *they don't include contract breach*. All claims listed and dismissed were torts or ADA violations. **Dkt. 44, page 3**:

    In the amended complaint, Mr. Straw pleads causes of action for (1) defamation; (2) tortious interference with contractual relations; (3) intentional infliction of emotional distress ("IIED"); and (4) discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165.

## CONCLUSION

62. I again thank the Court for its *IFP* grant ORDER. However, the argument stripping me of diversity is a fact-based determination and the facts were not presented correctly but tilted to deny me this diversity by making too much of my **long tourism stay** in the Philippines. Further, given the "breach of contract" count has *never* been adjudicated anywhere else, there is no valid reason to say "*res judicata*." The *res* **here** is breach of contract. The *res* **there** was tortious acts and discrimination that were allowed to stand without remedy.

63. **Tort facts** were presented in *Straw v. Avvo* in Washington.

64. **Contractual breach facts** are presented here.

65. They are **not the same facts** and they are **not the same law**, and thus *res judicata* is wholly inapposite.

66. The First Circuit has said that *res judicata* is applied under certain conditions that are simply not completely present here. *Foss v. Eastern States Exposition*, 22-1313 (1st Cir. 2023):

67. https://law.justia.com/cases/federal/appellate-courts/ca1/22-1313/22-1313-2023-05-10.html

68. On appeal, the *res judicata* argument here will be rejected for much the same reasons the First Circuit gave in overturning that district court in *Foss* on application of *res judicata*. At page 9 of *Foss*:

   > To establish federal claim preclusion in such a case, a party must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Mass. Sch. of L.at Andoverv. Am. Bar Assoc.*, 142 F.3d 26, 37 (1st Cir. 1998) (quoting *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)).

   *Emphasis added by plaintiff.*

69. Generally, the First Circuit requires these elements for *res judicata* to apply:

    a. A final judgment on the merits in the prior case.
    b. Jurisdiction by the court that rendered the judgment over the subject matter and the parties.
    c. Identity of the parties or their privies in both actions.
    d. Identity of the cause of action in both suits.

70. The court in *Foss* emphasized the importance of these elements and examined whether a plaintiff's claim under a different statute was barred by a previous

10

judgment. The decision explained that *res judicata* applies only if <u>the claims arise</u> from the <u>same cause of action</u> as the ones previously adjudicated.

71. This case is recent and well-regarded for explaining the application of *res judicata* under First Circuit federal law.

72. While there was a final judgment in Washington, the court there did have jurisdiction, and the parties are the same, the last element of *Foss* is not met.

73. The final order did not dismiss by saying that Straw is stripped of his state citizenship, likely because Straw invoked a federal statute for enforcement, the ADA. *Straw v. Avvo*, 2:20-cv-00294-JLR (W.D.Wash. 2020), **Dkts. 10, 44**.

74. https://www.courtlistener.com/docket/16888269/straw-v-avvo-inc/

75. https://www.courtlistener.com/docket/16888269/44/straw-v-avvo-inc/

76. https://www.courtlistener.com/docket/16888269/10/straw-v-avvo-inc/

77. For my Amended Complaint, I cited that Avvo failed in its contractual obligation but I did not ask for a breach of contract remedy. I raised it simply to say that I was not precluded under the TOS from seeking judgment from a court when Avvo would not do the arbitration. I simply used it to say I was free to seek another forum for my tort claim. *Straw v. Avvo*, **Dkt. 8-2, page 1**.

78. https://www.courtlistener.com/docket/16888269/8/2/straw-v-avvo-inc/

79. *See also*, **Dkt. 45**:

80. https://www.courtlistener.com/docket/16888269/45/straw-v-avvo-inc/

81. *See also* the initial COMPLAINT at **Dkt. 1-1**, which explained the two courts, which were defamation and ADA Title II, with contract breach nowhere to be seen:

82. https://www.courtlistener.com/docket/16888269/1/1/straw-v-avvo-inc/

83. Tort and ADA Title II violations were the only grounds in Washington State and this is not a repeat of those arguments. **Tort** and **contract** represent **distinct legal causes of action**, arise from different types of duties, and have different elements and remedies as well as factual grounding. as well as factual grounding.

## FRIVOLOUS

84. Diversity does not fail. My facts support it.

85. *Res judicata* is inapplicable to the facts also given I did not pursue contract breach anywhere else.

86. Given I have explained the **factual reasons** why I should be considered a person having state citizenship justifying diversity and the **legal grounds** for bifurcating tort and contract as **distinct legal matters** supported by **different facts**, the Magistrate Judge **overstepped** in saying I have filed anything that was frivolous.

87. I have not.

88. AND, I have objected vigorously to the **abuse of that frivolous term** by federal judges. See how I dissent and reject abuses of frivolous and have advocated for a new federal law to reign in abuse of this term:

89. *Straw v. Facebook*, 3:23-cv-08625 (N.D. Cal.) (**Dkts. 20-1 & 24-2**):

90. https://www.courtlistener.com/docket/69430377/20/1/straw-v-facebook/

91. https://www.courtlistener.com/docket/69430377/24/1/straw-v-facebook/

92. Abuse of the term frivolous by Indiana, when Virginia ridiculed it, is the reason I have a motion here at **Dkt. 12**, a motion that should be granted:

93. https://www.courtlistener.com/docket/70915481/12/straw-v-avvo-inc/

94. I hope the presiding judge instructs the Magistrate Judge to be more careful before making accusations of frivolous of that kind given my charged situation regarding that term, and making unmerited warnings, as the Magistrate judge made toward me.

95. I have filed NOTHING that was meritless to this Court and I would appreciate an apology for that accusation. It reminds me of the abuses I suffered in the Midwest courts and I won't stand for it. When I am accused of filing something meritless, it needs to be solid and unassailable, and the recommendations here are not.

96. The fact that I have filed several cases here may be explained by the fact that **the first one was resolved to my satisfaction** not long after *IFP* was granted. Just having the forum and the threat of this Court's power and public scrutiny of defendant actions can provide me with justice. I appreciate that Congress created this Court and that its services are available to me.

97. I trust I won't experience any retaliation for using this Court, even repeatedly, which is my right. There is no such thing as a "serial filer." Many of my cases

13

filed elsewhere have resulted in ==settlements with me==. Even the ABA settled with me. Pete Buttigieg and the City of South Bend settled with me. Kane County, Illinois, settled with me.

98. Courts don't focus enough on those.

99. They should.

100. Some judges want a civil rights leader to just sit silent.

101. I won't do that.

102. When I have been violated, you can bet that I will come to the relevant court to have it addressed. *See*:

103. http://www.andrewstraw.com

104. http://service.andrewstraw.com

105. http://all.andrewstraw.com

106. The Illinois Court of Appeals has adjudicated me as, =="a public figure who works on disability rights issues."== That is how this Court should refer to me in the future because **that** is *res judicata*. *Straw v. Streamwood Chamber of Commerce*, at **page 2**:

107. https://www.illinoiscourts.gov/Resources/64fcb39e-0c9a-4941-bf18-df6491c857f3/1143094_R23.pdf

WHEREFORE, I make this RESPONSE wholly rejecting the grounds the Magistrate Judge used to say diversity is not present and the count for breach of contract is a *res judicata* matter **when it is not**. Neither are true and should be rejected by the presiding judge. The **invocation of frivolous** needs to be repudiated and the **warning**

14

<u>that I will not be able to have an appeal *IFP*</u> needs to be withdrawn with an apology.

I would appreciate that. Thank you.

I, *plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: ==August 2, 2025==.

        Respectfully,

        */s/ Andrew U. D. Straw*

        s/ ANDREW U. D. STRAW
        MAILING ADDRESS:
        9169 W State St #690
        Garden City, ID. 83714
        Telephone: (847) 807-5237
        andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **RESPONSE** and **1 EXHIBIT** with the Clerk of the U.S. District Court for the Northern District of California by email on August 2, 2025.

                          Respectfully submitted,

                          s/ ANDREW U. D. STRAW
                          MAILING ADDRESS:
                          9169 W State St #690
                          Garden City, ID. 83714
                          Telephone: (847) 807-5237
                          andrew@andrewstraw.com

## EXHIBIT LIST

- **EXHIBIT 1**: CPA Letter from Philippines DOJ & Indorsement