## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between Plaintiffs JULIO RODRIGUEZ and TAYLOR MANDEEN, and Defendant AVVO, INC.

### *DEFINITIONS USED IN SETTLEMENT AGREEMENT*

A. <u>"Action"</u> means the lawsuit entitled *Julio Rodriguez et al. v. Avvo, Inc.,* Case No. 22-2-13159-4 SEA (King County Superior Court).

B. <u>"Complaint"</u> means the Class Action Complaint for Damages filed by Plaintiffs on August 17, 2022, on behalf of themselves and all others similarly situated, asserting claims for alleged: (i) damages for breach of contract; (ii) unpaid wages, pursuant to RCW 49.48.010; (iii) unpaid wages, pursuant to SMC 14.20.015; (iv) exemplary damages, pursuant to RCW 49.52.050, RCW 49.52.070, and SMC 14.20.090; (v) attorneys' fees and costs, pursuant to RCW 49.48.030, RCW 49.52.070, and SMC 14.20.090; and (vi) prejudgment interest.

C. <u>"Court"</u> means the King County Superior Court of the State of Washington.

D. <u>"Defendant"</u> means Avvo, lnc., the Defendant in the Action.

E. <u>"Defendant's Counsel"</u> means the law firm Littler Mendelson, P.C.

F. <u>"Final Approval Date"</u> means the date on which the Final Approval Order is entered in this matter.

G. <u>"Final Approval Hearing Date"</u> means the date set by the Court for the hearing on final approval of the settlement embodied in this Settlement Agreement.

H. <u>"Final Approval Order"</u> means the Court order granting final approval of the Settlement Agreement as proposed in Exhibit C hereto or such modified terms as may be agreed to by the Parties in order to obtain preliminary or final approval.

I. <u>"Final Judgment"</u> means an order rendered by the Court that enters judgment disposing of all issues raised in this Action consistent with the Final Approval Order.

J. <u>"Named Plaintiffs"</u> or <u>"Plaintiffs"</u> means Julio Rodriguez and Taylor Mandeen, the Plaintiffs in the Action.

K. <u>"Net Settlement Class Fund"</u> means the portion of the Settlement Amount to be distributed to Settlement Class Members after deducting the Court-approved amounts set forth below in 7.A-7.C.

L. "Participating Settlement Class Members" means any Settlement Class Member who is bound by the Final Judgment and receives a distribution as set forth in this Settlement Agreement. All Settlement Class Members are automatically deemed Participating Settlement Class Members unless the Settlement Class Member submits a timely request for exclusion as detailed in the Settlement Class Notice.

M. "Parties" means the Plaintiffs and the Defendant collectively in the Action.

N. "Preliminary Approval Date" means the date on which the Court enters its Preliminary Approval Order.

O. "Preliminary Approval Order" means an order rendered by the Court preliminarily approving this Settlement Agreement as proposed in Exhibit B hereto or such modified terms as may be agreed to by the Parties in order to obtain preliminary approval.

P. "Released Claims" means those claims included in the release of claims set forth in ,r2 of this Settlement Agreement.

Q. "Released Parties" means (i) Defendant and its parents, subsidiaries, affiliates, insurers, insurance policies and benefit plans, (ii) each of the past and present officers, directors, agents, employees, equity holders (shareholders, holders of membership interests, etc.), representatives, administrators, fiduciaries and attorneys of the entities and plans described in this sentence, and (iii) the predecessors, successors, transferees, and assigns of each of the persons and entities described in this sentence.

R. "Settlement Administrator" means ILYM Group, Inc. or any other settlement administrator mutually agreed upon by the Parties.

S. "Settlement Amount" means seventy-eight thousand seven hundred and fifty dollars ($78,750.00). This payment is all inclusive of Defendant's financial obligations under this Settlement Agreement (including all obligations for attorneys' fees and costs, costs of notice and settlement administration, any Settlement Class Representative Award, settlement payments to Settlement Class Members, and the employees' normal portions of payroll taxes on the settlement payments), except the employer's portion of payroll taxes attributable to the portions of the Individual Settlement Allocations that are characterized as wages which Defendant shall pay separately.

T. "Settlement Class" and "Settlement Class Member" means all individuals formerly employed by Defendant in Washington state who were paid pursuant to a commission and bonus plan with the "25% After 4 Months" Term (as defined in Plaintiffs' Complaint) and who separated from employment with Defendant during the Settlement Class Period. Tue Settlement Class includes 47 individuals identified in the data produced by Defendant on October 26, 2022.

U.  "Settlement Class Counsel" means the law firm Rekhi & Wolk, P.S.

V.  "Settlement Class Data" means the information that Defendant shall provide to the Settlement Administrator and Settlement Class Counsel as specified below in ¶ 3.B.

W.  "Settlement Class Notice" means the document, substantially in the form attached to this Settlement Agreement as **Exhibit A**, that will be sent to Settlement Class Members following preliminary approval of the Settlement Agreement.

X.  "Settlement Class Period" means the period of time from December 1, 2020 through August 28, 2022.

Y.  "Settlement Class Representative Award" means the proposed payment specified below in ¶ 7.B.

Z.  "Settlement Effective Date" means the date by which the Settlement Agreement is finally approved as provided in ¶ 3.E below and the Court's Final Judgment becomes final. For purposes of this subparagraph, the Court's Final Judgment "becomes final" upon the later of (i) 30 days after the Final Approval Order, if no appeal of that Order is filed, or (ii) the date the Court's Final Approval Order becomes final and binding after final resolution of any appeals.

## RECITALS

WHEREAS, Plaintiffs filed the Complaint in this Action, seeking the relief set forth in the Definitions section above; and

WHEREAS, Settlement Class Counsel has conducted a thorough investigation into the facts of the Complaint and the Settlement Class Members' claims against Defendant; and

WHEREAS, the Parties have engaged in extensive settlement discussions to discuss a possible resolution of this matter; and

WHEREAS, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims that have been alleged in the Action or that arise out of the circumstances alleged in the Complaint, including federal, state, and municipal claims;

NOW, THEREFORE, in consideration of the mutual covenants, promises, and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

## TERMS OF SETTLEMENT AGREEMENT

1.  **Non-Admission of Liability**. The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense, and risk of continued litigation. Based on their own independent investigation and evaluation as well as the written representation by Defendant through Defendant's Counsel that Defendant

has been paying out the disputed 25% commissions to affected employees after termination since August 2022, Settlement Class Counsel are of the opinion that this settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of Plaintiffs and the Settlement Class Members in light of all facts and circumstances, including the risk of significant delay and defenses asserted by Defendant. In entering into this Settlement Agreement, Defendant does not admit, and specifically denies, that it has: violated any federal, state, or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations, or legal requirements; breached any contract; or engaged in any other unlawful conduct with respect to its employees or any other person or entity. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant or the Released Parties of any such violation(s) or failure(s) to comply with any applicable law, who expressly deny any liability, wrongdoing, impropriety, responsibility, or fault whatsoever. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Action or any other action for adversarial, rather than settlement purposes.

2. **Consideration and Release of Claims**. In consideration for Defendant's payment of the Settlement Amount as set forth in this Settlement Agreement, upon the Final Approval Date (and except as to such rights or claims as may be created by this Settlement Agreement) the Named Plaintiffs and all Participating Settlement Class Members, shall fully, finally, and forever release, settle, compromise, relinquish, and discharge any and all of the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated or exemplary damages, punitive damages, losses, fines, liens, interest, restitution or other equitable relief, actions, or causes of action of whatever kind or nature, whether known or unknown, that were alleged in the Action or could have been alleged in the Action arising out of the facts or circumstances alleged in the Action through the Final Approval Date, including federal, state, and municipal claims based on common law, statutes, ordinances, or regulations, lawsuits, administrative actions, arbitrations, and participation to any extent in any pending or future class, collective, or representative actions, or other action of any kind based on the Released Claims.

Further and in addition, upon the Final Approval Date (and except as to such rights or claims as may be created by this Settlement Agreement), Plaintiffs hereby release all Released Parties, from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated or exemplary damages, punitive damages, losses, fines, liens, interest, restitution or other equitable relief, actions, or causes of action of whatever kind or nature, whether known or unknown through the Final Approval Date, including federal, state, and municipal claims based on common law, statutes, ordinances, or regulations, lawsuits, administrative actions, arbitrations, and participation to any extent in any pending or future class, collective, or representative actions, or other action of any kind based on the Released Claims. Notwithstanding the

above, Plaintiffs are only releasing claims that arose out of their employment relationship with Defendant as to Defendant's insurers and related entities.

3. **Court Approval Required**. This Settlement Agreement is contingent on approval by the Court. The Parties shall recommend to the Court that it approve the terms of this Settlement Agreement. The Parties shall undertake their best efforts, including all steps and efforts contemplated by this Settlement Agreement, and any other steps or efforts which may become necessary by order of the Court (unless such order modifies the terms of this Settlement Agreement) or otherwise, to carry out this Settlement Agreement, including the following:

   A. *Preliminary Approval.* Plaintiffs shall file a motion for preliminary approval seeking the relief presented in **Exhibit B** hereto within 21 days after this Settlement Agreement is fully executed. Defendant will not oppose the motion. Plaintiffs will provide a draft of the motion to Defendant at least 7 days in advance of filing for review and comment. The motion shall seek a Preliminary Approval Order that: (i) preliminarily approves the settlement; (ii) certifies the Settlement Class for purposes of the settlement only; (iii) schedules a fairness hearing at least 90 days after the Preliminary Approval Order on the question of whether the proposed Settlement Agreement should be finally approved as fair, reasonable, and adequate as to the Settlement Class Members, and whether the application for Settlement Class Counsel's attorneys' fees and cost and the Settlement Class Representative Award should be approved; (iv) approves as to form and content the proposed Settlement Class Notice; and (v) directs the mailing of the Settlement Class Notice by first-class mail to the Settlement Class Members.

   B. *Settlement Class Data.* Within 14 days of the Preliminary Approval Order, Defendant shall provide to the Settlement Administrator and Settlement Class Counsel on a confidential basis, in a format acceptable to the Settlement Administrator, each Settlement Class Member's name, last known address, social security number, email address(es) (if available), and telephone number(s) (if available), except their social security numbers shall not be provided to Settlement Class Counsel. The Settlement Administrator shall update Settlement Class Data addresses using the National Change of Address database and other available resources deemed suitable by the Settlement Administrator, and, to the extent this process yields an updated address, that updated address shall replace the last known address and be treated as the new last known address for purposes of this Settlement Agreement and for any subsequent mailings required to effectuate the terms of this Settlement Agreement. The Settlement Administrator shall: (i) provide reasonable and appropriate administrative, physical, and technical safeguards for any personally identifiable information ("PII") that it receives from Defendant; (ii) not disclose the PII to Named Plaintiffs, any party or third parties, including agents or subcontractors, without Defendant's consent and keep PII confidential, including not providing Settlement Class Members' social security numbers to Settlement Class Counsel; (iii) not disclose or otherwise use the PII other than to carry out its

duties as set forth herein; and (iv) promptly provide Defendant with notice if PII is subject to unauthorized access, use, disclosure, modification, or destruction.

C. ***Settlement Class Notice.*** Within 30 days of entry of the Preliminary Approval Order, the Settlement Administrator shall send the Settlement Class Notice to each Settlement Class Member by first-class mail and provide notice as specified in the Preliminary Approval Order. The Settlement Administrator shall conduct a standard skip trace to locate missing Settlement Class Members and promptly re-mail the Settlement Class Notice to the correct or updated address. The Settlement Administrator will keep Settlement Class Counsel and Defendant's Counsel informed of any problems that arise in providing the Settlement Class Notice and/or locating missing Settlement Class Members. Settlement Class Counsel will also create and maintain a website containing the Settlement Class Notice during the Notice period, and Defendant will have the opportunity to review and approve the text of the website prior to its posting.

D. ***Settlement Class Members' Right to Exclude Themselves from the Settlement Class or Object to the Settlement.*** As described in the Settlement Class Notice, Settlement Class Members may exclude themselves from the Settlement Class or object to the Settlement Agreement, by submitting their written request for exclusion (opt out) or objection no later than 30 days after the date the Settlement Class Notice is mailed.

   1. ***Exclusion.*** Any Settlement Class Member other than Plaintiffs may elect to be excluded. To be effective, any such election must be made in writing; must contain the information specified in the Notice; and must be mailed to the Settlement Administrator and postmarked on or before the deadline set forth in the Settlement Class Notice. The date of the postmark on the mailing envelope shall be the exclusive means to determine whether a request for exclusion is timely. Any Settlement Class Member who is eligible to opt out and who timely requests exclusion in compliance with these requirements shall thereafter not be considered to be a Participating Settlement Class Member, shall not have any rights under this Settlement Agreement, shall not be entitled to receive any settlement payment, and shall not be bound by this Settlement Agreement or the Final Judgment.

   2. ***Objection.*** Any Settlement Class Member other than Plaintiffs (and other than Settlement Class Members who request exclusion) may object to this Settlement Agreement, provided that such objections are made in writing filed with the Court and served on counsel for the Parties no later than the deadline set forth in the Settlement Class Notice. Such objection shall include the information specified in the Settlement Class Notice. No Settlement Class Member may be heard at the Final Approval Hearing who has not complied with this requirement, and any Settlement Class Member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the Settlement Agreement. Any

Settlement Class Member who intends to appear at the Final Approval Hearing shall so announce in the Settlement Class Member's written objection.

3. ***Effect of Taking No Action.*** Except for those Settlement Class Members who exclude themselves in compliance with ¶ 3.D.1, all Settlement Class Members will be deemed to be members of the Settlement Class in the Action for all purposes under this Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth in this Settlement Agreement and, unless they have timely asserted an objection to this Settlement Agreement, shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy. Except to the extent a Settlement Class Member presents a timely objection to this settlement pursuant to the procedures set out above, the Settlement Class Members and Plaintiffs waive their right to seek any form of appellate review over any order or judgment that is consistent with the terms of this Settlement Agreement.

4. ***Obligations of Parties and Counsel.*** Neither Plaintiffs, Settlement Class Counsel, Defendant, Defendant's Counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to exclude themselves as a Settlement Class Member, or object to the Settlement Agreement or appeal from any order of the Court that is consistent with the terms of this Settlement Agreement, or discourage participation in the settlement. Upon receipt, counsel for the Parties shall promptly exchange with one another copies of all objections, exclusions, and/or challenges to the settlement or any part thereof.

5. ***Obligations of Settlement Administrator.*** The Settlement Administrator will provide a declaration of due diligence, proof of mailing of the Settlement Class Notice, and records of any opt-outs or objections to Settlement Class Counsel and Defendant's Counsel within 14 days after the deadline for exclusion/objection.

E. ***Final Approval.*** On the date established in the Preliminary Approval Order, Settlement Class Counsel shall file a motion for final approval of the Settlement Agreement seeking the relief presented in **Exhibit C** hereto, an order awarding a Settlement Class Representative Award to Plaintiffs, and an order awarding fees and costs to Settlement Class Counsel. Defendant shall not oppose these motions, *provided that* Plaintiffs seek no more than $3,500 as payment to the Settlement Administrator; no more than $3,000 total ($1,500 each) as a Settlement Class Representative Award to Plaintiffs; and no more than $26,750 as payment to Settlement Class Counsel for attorneys' fees and costs (with costs not to exceed the actual out-of-pocket costs and expenses of litigation). Plaintiffs will provide a draft of the motion to Defendant at least 7 days in advance of filing for review and comment. The motion shall seek a Final Approval Order that: (i) finally approves

the Settlement Agreement as fair, adequate, and reasonable, and directs consummation of its terms and provisions; (ii) approves Settlement Class Counsel's application for an award of attorneys' fees and costs; and (iii) dismisses this Action on the merits and with prejudice and permanently bars all Participating Settlement Class Members from prosecuting against the Released Parties any individual or class claims that are released by this Settlement Agreement.

4. **Termination of Settlement Agreement**.

   A. *Non-Approval by Court*. Failure of the Court to grant preliminary or final approval of the Settlement Agreement (after reasonable opportunity for the Parties to cure such problems as may initially prevent the Court from granting such approval) will be grounds for the Parties to terminate this Settlement Agreement. A failure of the Court to approve any material term or aspect of this Settlement Agreement shall render the entire settlement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. Each party may exercise its option to void this settlement as provided in this paragraph by giving notice, in writing, to the other and to the Court at any time prior to final approval of the Settlement Agreement by the Court.

   B. *Defendant's Option*. Defendant has the option to void the settlement if the number of Settlement Class Members choosing to opt out of the Settlement Agreement exceeds 10% of the total number of Settlement Class Members. If Defendant chooses to exercise this option, it must give notice, in writing, to Settlement Class Counsel within 14 days of receiving the Settlement Administrator's declaration.

   C. *Attorneys' Fees and Settlement Class Representative Award*. The Court's determination regarding whether and in what amounts to award attorneys' fees and costs to Settlement Class Counsel, and a Settlement Class Representative Award to Plaintiffs, shall not be grounds for terminating the Settlement Agreement or otherwise affect the enforceability of the Settlement Agreement.

   D. *Effect of Termination*. In the event that this Settlement Agreement is not approved by the Court, fails to become effective for any reason, or is reversed, withdrawn, or modified by the Court or any other court with jurisdiction over the Action, the Settlement Agreement shall become null and void *ab initio* and shall have no force or effect; all negotiations, statements, and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Action prior to the settlement; and neither this Settlement Agreement nor any ancillary documents, actions, or filings shall be admissible or offered into evidence in the Action or any other action for any purpose.

5. **Mutual Full Cooperation**. The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement Agreement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties further agree to cooperate fully and

use their best efforts to obtain the Court's preliminary and final approval of this Settlement Agreement and all the terms herein.

6. **Representation by Settlement Class Counsel**. Settlement Class Counsel represent that as of the date they sign this Settlement Agreement, they do not represent any current or former employees of Defendant who would not be covered by this Settlement Agreement.

7. **Settlement Payments**. The Settlement Administrator shall establish a settlement fund that meets the requirements of a Qualified Settlement Fund ("QSF") under U.S. Treasury Regulation section 468B-1. Within 10 days after the Settlement Effective Date, Defendant shall deposit the Settlement Amount, plus the amount calculated by the Settlement Administrator for the employer's portion of payroll taxes as described in ¶ 7.E below, into the QSF. The Settlement Administrator shall distribute these funds only as directed by Settlement Class Counsel and Defendant's Counsel and as allowed under the Court's Final Approval Order and Final Judgment. No part of the Settlement Amount shall revert to Defendant. Subject to Court approval, the Settlement Amount shall be allocated as follows:

   A. *Attorneys' Fees and Litigation Costs*. The Settlement Administrator shall distribute to Settlement Class Counsel, within 21 days after the Settlement Effective Date, the amount awarded by the Court as compensation for attorneys' fees and costs in accordance with the Court's Final Approval Order and Final Judgment. The Settlement Administrator shall issue an appropriate IRS Form 1099 for this payment.

   B. *Settlement Class Representative Award*. The Settlement Administrator shall distribute to Plaintiffs, within 21 days after the Settlement Effective Date, the amount awarded by the Court to Plaintiffs as a Settlement Class Representative Award. The Settlement Administrator shall issue an appropriate IRS Form 1099 for this payment.

   C. *Settlement Administration Expenses*. At the direction of Settlement Class Counsel and Defendant's Counsel, the Settlement Administrator shall distribute to itself, within 21 days after the Settlement Effective Date, the amount approved by the Court as the reasonable expenses of settlement administration.

   D. *Distribution of Net Settlement Class Fund as Individual Allocations*. The Net Settlement Class Fund is the Settlement Amount less the amount of attorneys' fees and costs, Settlement Class Representative Award, and Settlement Administrator expenses (i.e., ¶ 7.A-7.C above) actually awarded by the Court. The Settlement Administrator shall distribute, within 21 days after the Settlement Effective Date, the Net Settlement Class Fund to Participating Settlement Class Members *pro rata* based on the Individual Settlement Allocations provided by Settlement Class Counsel and reviewed by Defendant. Settlement Class Counsel believes that its calculations are a reasonable and fair calculation of the damages allegedly suffered by Plaintiffs and the Settlement Class Members. The Individual Settlement Allocations shall be treated for tax purposes as described in ¶ 7.E below.

E.  **_Tax Treatment and Reporting_.** For tax and withholding purposes, Individual Settlement Allocations shall be treated as follows: one-third of each Individual Settlement Allocation distributed to a Participating Settlement Class Member shall be deemed to be wages, subject to payroll taxes, and the Settlement Administrator shall issue appropriate IRS Forms W-2; and two-thirds of each Individual Settlement Allocation distributed to a Participating Settlement Class Member shall be deemed to be non-wage payments in lieu of interest, double damages, and treble damages and the Settlement Administrator shall issue appropriate IRS Forms 1099. Defendant shall be separately responsible for paying the employer's portion of payroll taxes attributable to the portions of the Individual Settlement Allocations that are characterized as wages, as calculated by the Settlement Administrator, which the Settlement Administrator shall disburse to the IRS or appropriate state agency. Defendant's payment of the employer's portion of payroll taxes shall be in addition to, and shall not come out of, the Settlement Amount. Except for the employer's portion of payroll taxes, Defendant shall have no responsibility or liability for any federal or state taxes owed in connection with the payments made in connection with this Settlement Agreement. The Settlement Administrator shall withhold from each Participating Settlement Class Member's payment, and disburse to the IRS or appropriate state agency, the employee's portion of payroll taxes and tax withholding attributable to wages.

F.  **_No Effect on Other Benefits_.** Defendant will not use any payments from the Settlement Amount to calculate any benefits, including, for example (but without limitation), vacation, holiday pay, pension, or 401(k) plan contributions. Any payments from the Settlement Amount do not represent any modification of previously credited hours of service or other eligibility criteria under any employee pension or employee welfare benefit plan sponsored by Defendant or any of the Released Parties. Nor is any payment from the Settlement Amount compensation for purposes of determining eligibility for, or benefit accrual within, an employee benefit pension plan, an employee welfare benefit plan, or other plan sponsored by Defendant or any of the Released Parties.

G.  **_Conditions Precedent_.** The timelines in this ¶ 7 are contingent on the following events: (i) Settlement Class Counsel must provide a spreadsheet with the Individual Settlement Allocations to Defendant's Counsel for review within 7 days of the Final Approval Date, and provide the final Individual Settlement Allocations to the Settlement Administrator within 14 days of the Final Approval Date; and (ii) the Settlement Administrator must provide Defendant with the amounts to be paid (including the employer's share of payroll taxes with a spreadsheet showing the amount for each Individual Settlement Allocation), W-9 form for the QSF, and payment instructions within 21 days of Final Approval. If any of these events are delayed, it may delay Defendant's deposit and the Settlement Administrator's payments accordingly.

    H.    ***Unclaimed Individual Allocations***. Participating Settlement Class Members shall have 90 days after the date the Individual Settlement Allocation checks are mailed by the Settlement Administrator to cash their Individual Settlement Allocation checks (the "Settlement Check Cashing Deadline"). Any Individual Settlement Allocation check that is not cashed by the Settlement Check Cashing Deadline shall become void and subject to a stop payment order. Within 60 days after the Settlement Check Cashing Deadline, the Settlement Administrator shall tender one-half of the total combined amount of all uncashed Individual Settlement Allocation checks to the Legal Foundation of Washington and the other half to the Northwest Justice Project. In such event, those Participating Settlement Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them. Any costs associated with administering the residual (*e.g.,* bank stop pay charges) will be deducted from the residual before donation to the beneficiary.

8. **Enforcement Actions**. The Court shall have continuing jurisdiction over the terms and conditions of this Settlement Agreement until all payments and obligations contemplated by the Settlement Agreement have been fully carried out. In the event that one or more of the Parties to this Settlement Agreement institutes any legal actions or proceedings to enforce or implement the provisions of this Settlement Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties' reasonable attorneys' fees and costs, including expert witness fees incurred in connection therewith.

9. **Captions and Interpretations**. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her or its counsel participated in the drafting of this Settlement Agreement.

10. **Modification**. This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and, if changed after the Preliminary Approval Order, approved by the Court (if such approval is required by the Court's order). This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

11. **Entire Agreement**. This Agreement constitutes the entire and integrated agreement between the Parties with respect to the settlement of the Action, and all other prior and contemporaneous agreements, representations, warranties, or understandings of the Parties are superseded and merged into this Settlement Agreement.

12. **No Reliance**. The Parties acknowledge that they have not relied on any promise, representation or warranty, express or implied, not contained in this agreement.

13. **Assignments**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

14. **Execution in Counterparts**. This Settlement Agreement may be signed in one or more counterparts, including by copies transmitted via facsimile or electronic delivery. Upon a party's execution of a counterpart, that counterpart shall be deemed an original, and all signed counterparts shall together constitute one Settlement Agreement. A facsimile signature shall have the same force and effect as the original signature, if and only if it is transmitted from counsel for one party to the other. Such transmissions shall be interpreted as verification by the transmitting counsel that the signature is genuine and that the party signing has authorized and reviewed the agreement. All executed copies of this Settlement Agreement and copies thereof shall have the same force and effect and shall be as legally binding and enforceable as the original.

Doc ID: 65d8ef8903a177ed95adc554a8c2f33132ab7fea

IN WITNESS WHEREOF, the undersigned Parties have duly executed this Settlement Agreement as of the date indicated below:

Individually And On Behalf Of The Settlement Class,

Dated: 06 / 07 / 2023          By: _____
                                    Julio Rodriguez, Plaintiff

Individually And On Behalf Of The Settlement Class,

Dated: _____          By: _____
                                    Taylor Mandeen, Plaintiff

Avvo, Inc.,

Dated: June 5, 2023            By: _____
                                    Its authorized agent, Defendant

Approved as to form:           Settlement Class Counsel,

Dated: _____          By: _____
                                    Gregory Wolk
                                    Hardeep S. Rekhi
                                    Jennifer Song
                                    REKHI & WOLK, P.S.

                                Defendant's Counsel,

Dated: June 6, 2023            By: _____
                                    Breanne Martell
                                    Rebecca Schach
                                    LITTLER MENDELSON, P.C.

IN WITNESS WHEREOF, the undersigned Parties have duly executed this Settlement Agreement as of the date indicated below:

Individually And On Behalf Of The Settlement Class,

Dated: _____    By: _____
                                    Julio Rodriguez, Plaintiff

Individually And On Behalf Of The Settlement Class,

Dated: 06 / 08 / 2023    By: *Taylor Mandeen*
                              Taylor Mandeen, Plaintiff

Avvo, Inc.,

Dated: June 5, 2023    By: _____
                            Its authorized agent, Defendant

Approved as to form:    Settlement Class Counsel,

Dated: _____    By: _____
                                    Gregory Wolk
                                    Hardeep S. Rekhi
                                    Jennifer Song
                                    REKHI & WOLK, P.S.

Defendant's Counsel,

Dated: June 6, 2023    By: *Breanne Martell*
                            Breanne Martell
                            Rebecca Schach
                            LITTLER MENDELSON, P.C.

IN WITNESS WHEREOF, the undersigned Parties have duly executed this Settlement Agreement as of the date indicated below:

Individually And On Behalf Of The Settlement Class,

Dated: _____    By: _____
                                Julio Rodriguez, Plaintiff

Individually And On Behalf Of The Settlement Class,

Dated: _____    By: _____
                                Taylor Mandeen, Plaintiff

Avvo, Inc.,

Dated: June 5, 2023    By: *[signature]*
                           Its authorized agent, Defendant

Approved as to form:    Settlement Class Counsel,

Dated: 06 / 08 / 2023    By: *Greg Wolk*
                              Gregory Wolk
                              Hardeep S. Rekhi
                              Jennifer Song
                              REKHI & WOLK, P.S.

Defendant's Counsel,

Dated: June 6, 2023    By: *Breanne Martell*
                            Breanne Martell
                            Rebecca Schach
                            LITTLER MENDELSON, P.C.